DAVID J. MERRILL
Nevada Bar No. 6060
MORGAN F. SHAH
Nevada Bar No. 12490
DAVID J. MERRILL, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada  89145
Telephone: (702) 566-1935
Facsimile: (702) 993-8841
E-mail: david@djmerrillpc.com
E-mail: morgan@djmerrillpc.com
Attorneys for WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA TOROMANOVA, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, FSB; NATIONAL DEFAULT SERVICING CORP; TIFFANY K. LABO, <br><br> Defendants. | Case No.: 2:12-cv-01637-LRH-(CWH) |

**STATEMENT CONCERNING REMOVAL**

In accordance with the Minutes of the Court dated September 19, 2012 (Doc. 3), a copy of which is attached hereto, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits the following statement concerning removal:

1. The date(s) on which you were served with a copy of the complaint in the removed action.

The plaintiff served Wells Fargo with a copy of the complaint on August 31, 2012.

2. The date(s) on which you were served with a copy of the summons.

1

The plaintiff served Wells Fargo with a copy of the summons on August 31, 2012.

3.   In removals based on diversity jurisdiction, the names of any served defendants who are citizens of Nevada, the citizenship of the other parties and a summary of defendant's evidence of the amount in controversy.

Wells Fargo is informed and believes that defendant Tiffany K. Labo ("Labo") is a citizen of Nevada; however, as set forth in the Petition for Removal (Doc. 1), the plaintiff fraudulently joined Labo in this action, as the plaintiff fails to allege any claim for relief against Labo, and this Court should not consider her citizenship for purposes of diversity jurisdiction.

Wells Fargo is a citizen of South Dakota.  Further, Wells Fargo is informed and believes that National Default Servicing Corporation is an Arizona corporation with its principal place of business in Arizona, and that the plaintiff is a citizen of Nevada.

Generally, "[t]he amount in controversy is determined from the allegations or prayer of the complaint."[1]  "In action seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[2]  Here, the plaintiff seeks to have foreclosed real property transferred to her free of all claims.  The real property involved in this action is located at 2912 Hot Cider Avenue, North Las Vegas, Nevada 89031, more particularly identified as Clark County APN #124-32-415-039 (the "Property").  The amount paid for the Property at the trustee's sale was $105,071.00.  Accordingly, the amount in controversy exceeds $75,000.00.

4.   If your notice of removal was filed more than thirty (30) days after you first received a copy of the summons and complaint, the reason removal has taken place at this time and the date you first received a paper identifying the basis for removal.

Not applicable.

5.   In actions removed on the basis of the court's jurisdiction in which the action in state court was commenced more than one year before the date of removal, the reasons the action should not summarily be remanded to the state court.

Not applicable.

---

[1]   Schwarzer, *Fed. Civ. Pro. Before Trial* ¶ 2:450 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938), which held that an inability to recover an amount adequate to give the court jurisdiction does not oust the court of jurisdiction).

[2]   *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977), *superseded by statute on other grounds as stated in United Food & Commer. Workers Union Local* 751 *v. Brown Group*, 517 U.S. 544, 557 (1996).

6. The name(s) of any defendant(s) known to have been served before you filed the notice of removal who did not formally join in the notice of removal and the reasons they did not.

Not applicable.

DATED this 19th day of September 2012.

                DAVID J. MERRILL, P.C.

By: _____
DAVID J. MERRILL
MORGAN F. SHAH
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935
Attorneys for WELLS FARGO BANK, N.A.

3

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 19th day of September 2012, service of the foregoing Statement Concerning Removal was made to all counsel in the action through the Court's CM/ECF system. In addition, service was made by placing a copy in the United States Mail, postage prepaid and addressed to the following at their last known addresses:

Dimitritza Toromanova  
P.O. Box 19153  
Las Vegas, Nevada  89132

Tiffany K. Labo  
10120 S. Eastern Avenue, Ste. 300  
Henderson, Nevada  89052

*/s/ [signature]*  
An employee of David J. Merrill, P.C.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

DIMITRITZA TOROMANOVA,

        Plaintiff(s),

vs.

WELLS FARGO BANK, N.A., et al.,

        Defendant(s).

2:12–cv–01637–LRH–CWH

MINUTES OF THE COURT

September 19, 2012

PRESENT:

The Honorable   Larry R. Hicks  , U.S. District Judge

Deputy Clerk:  Erin Smith         Recorder/Reporter:  None Appearing

Counsel for Plaintiff(s):  None Appearing         Counsel for Defendant(s):  None Appearing

**MINUTE ORDER IN CHAMBERS:**

    TO ALL PARTIES REMOVING ACTIONS TO THE COURT:

    You must, no later than fifteen (15) days from the date hereof, file and serve a signed statement under the above case number and caption that sets forth the following information:

1. The date(s) on which you were served with a copy of the complaint in the removed action.

2. The date(s) on which you were served with a copy of the summons.

3. In removals based on diversity jurisdiction, the names of any served defendants who are citizens of Nevada, the citizenship of the other parties and a summary of defendant's evidence of the amount in controversy.

4. If your notice of removal was filed more than thirty (30) days after you first received a copy of the summons and complaint, the reason removal has taken place at this time and the date you first received a paper identifying the basis for removal.

Minute Order Concerning Removal – 1

5. In actions removed on the basis of the court's jurisdiction in which the action in state court was commenced more than one year before the date of removal, the reasons this action should not summarily be remanded to the state court.

6. The name(s) of any defendant(s) known to have been served before you filed the notice of removal who did not formally join in the notice of removal and the reasons they did not.

**IT IS FURTHER ORDERED** that all defendants who joined in the notice of removal may file the statement required by the foregoing jointly.

**IT IS FURTHER ORDERED** that counsel shall have thirty (30) days within which to file a Joint Status Report which must:

1. Set forth the status of this action, including a list of any pending motions and/or other matters which require the attention of this court.

2. Include a statement by counsel of action required to be taken by this court.

3. Include as attachments copies of any pending motions, responses and replies thereto, and any prior court orders or other matters requiring the court's attention which have not previously been filed and are not available on the federal docket for review by this court. Please note that documents filed in the state case are not available to this court for review unless they are attached to the Petition for Removal, the Statement Regarding Removal, or re–filed in federal court.

**IT IS FURTHER ORDERED** that the removing defendant(s) shall serve a copy of this Order on all other parties to the action no later than the time they file and serve a copy of the Statement required by this Order.  A party who learns that the Statement(s) filed pursuant to this Order contain(s) incorrect information shall promptly notify this court in writing.

**IT IS SO ORDERED.**

The date of the Clerk's file stamp shall constitute the date of this order.

                                LANCE S. WILSON, CLERK


                                By:  /s/ Erin Smith
                                    Deputy Clerk