GREGORY L. WILDE, ESQ.
Nevada Bar No. 4417
KEVIN S. SODERSTROM, ESQ.
Nevada Bar No. 10235
**TIFFANY & BOSCO, P.A.**
212 S. Jones Blvd.
Las Vegas NV 89107
Fax: (702) 258-8787
Attorney for Defendant
National Default Servicing Corporation

E-filed: September 25, 2012

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA TOROMANOVA,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, FSB; NATIONAL DEFAULT SERVICING CORPORATION; COLDWELL BANKER-Broker/sales Associate TIFFANY K. LABO,<br><br>Defendants. | Case No.: 2:12-cv-01637-LRH-CWH |

## <u>MOTION TO DISMISS</u>

COMES NOW Defendant NATIONAL DEFAULT SERVICING CORPORATION (hereinafter "NDSC" or the "Defendant"), by and through its counsel of record, Gregory L. Wilde, Esq. of Tiffany & Bosco, P.A., and moves the above-captioned Court to dismiss the Complaint filed by plaintiff DIMITRITZA TOROMANOVA (hereinafter the "Plaintiff") with prejudice pursuant to FRCP 12(b)(6) and 8(a).

///

///

///

///

///

- 1 -

This Motion is made and based upon the papers and pleadings on file herein, the Memorandum of Points and Authorities, the attached documents, and any other additional information or oral argument as may be requested by the Court.

DATED this 25th day of September, 2012.

                          **TIFFANY & BOSCO, P.A.**

                          /s/ Kevin S. Soderstrom

                          GREGORY L. WILDE, Esq.
                          Nevada Bar No.: 4417
                          KEVIN S. SODERSTROM, ESQ.
                          Nevada Bar No. 10235
                          212 South Jones Blvd.
                          Las Vegas, Nevada 89107
                          Attorney for Defendant
                          National Default Servicing Corporation

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.**

**INTRODUCTION**

The Complaint filed in the instant action contains almost no details or specifics about anything, but it does allege that the Plaintiff is the owner of the real property commonly known as 2912 Hot Cider Avenue, North Las Vegas, Nevada (hereinafter the "Subject Property"). *Complaint*, 1:3-5. The Complaint, which consists of approximately one and a half pages of vague allegations plus a handful of attachments, does not come close to meeting the pleading requirements of FRCP 8(a). Therefore, dismissal is proper pursuant to FRCP 12(b)(6) and 8(a).

**II.**

**RELEVANT LAW**

**A.    STANDARD OF REVIEW FOR MOTION TO DISMISS**

A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FRCP 12(b)(6). A properly pled complaint must provide "a short

TIFFANY & BOSCO, P.A.
212 S. Jones Blvd.
Las Vegas, NV 89107
Tel 258-8200 Fax 258-8787

and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint as "alleged–but not shown–that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

When averments of fraud are made, the circumstances constituting the alleged fraud must be specific enough to give the defendant notice of the particular misconduct so that they

- 3 -

can defend against the charge and not just deny that they have done anything wrong. FRCP 9(b); *Bly-Magee v. California* 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir.1993)).  Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997) (internal quotation marks omitted).  The plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.),* 42 F.3d 1541, 1548 (9th Cir.1994).  Claims which are grounded in fraud or sound in fraud must satisfy the heightened pleading requirements of FRCP 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

**B.    THE *ERIE* DOCTRINE**

In *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938), the Supreme Court of the United States stated:

> "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." *Id.* at 78, 822.

Although federal rules of civil procedure will apply, the substantive law of the state is to be followed in this matter except with respect to causes of action grounded in alleged violations of federal law.

## III.
## ARGUMENT

**A.    THE PLAINTIFF'S COMPLAINT FAILS TO STATE ANY VIABLE CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST NDSC**

As stated above, the Complaint consists of approximately one and a half pages of vague allegations divided into three separate sections, plus a handful of attachments.  None of the allegations state any viable claim upon which relief can be granted against NDSC.

TIFFANY & BOSCO, P.A.
212 S. Jones Blvd.
Las Vegas, NV 89107
Tel 258-8200 Fax 258-8787

The first part of the Complaint consists of jurisdictional allegations. The only allegation pertaining to NDSC in the first section is that NDSC is a corporation foreign to Nevada. *Complaint*, 1:9-11.

The second part of the Complaint is labeled "Judgment sought" and requests relief under the Uniform Declaratory Judgments Act. *Complaint*, 2:2-14. More specifically, the second part of the Complaint states the following, in its entirety:

> "According to the Uniform Declaratory Judgments Act I am entitled to seek this court's judgment or decree to declare all parties' rights, status and other legal relations:
>
> (A) Under the Note and Deed of Trust material to this case (see attached);
>
> (B) Under any and all other instruments, agreements or contracts upon which any Defendant or Defendants may base any claim to, or enforce anything against, my property;
>
> (C) Under applicable Nevada law;
>
> (D) Declare who are and are not the real parties in interest to the Note and Deed of Trust;
>
> (E) Order recovery my home and real property to me free of all defendants' adverse claims; and
>
> (F) Order recovery of my home and real property solely to me."

Contrary to the Plaintiff's assertion of an attached note and deed of trust, no note or deed of trust are attached to the Complaint. Furthermore, the Complaint provides no allegations of any specific loan agreement, such as the date of the agreement, the amount of the loan, or the identity of the contracting parties. The Complaint completely fails to even identify the subject matter, let alone state an actual basis for a declaratory judgment to be entered in favor of the Plaintiff.

Additionally, a request for declaratory relief is actually a request for a remedy, which may be afforded to a party after it has sufficiently established its claims. A request for declaratory relief does not give rise to an independent cause of action. *See e.g. Hearne v. Countrywide Home Loans, Inc.*, WL 1815424 (D.Nev.,2010) at 5. *See also Shell Oil Co. v.*

*Richter,* 52 Cal.App.2d 164, 168, 125 P.2d 930 (Ct.App.1942). In the instant matter, the Plaintiff has failed to assert any claims against NDSC upon which declaratory relief might be based. For these reasons, the Plaintiff is not entitled to any declaratory relief against NDSC.

The third and final part of the Complaint is simply the Plaintiff's prayer for relief, in which the Plaintiff repeats her request for declaratory relief. No identifiable claim against NDSC (or any other defendant) is found within the third and final section.

Applying the standard of review set forth in section II. above to the allegations found in the Complaint, it is clear that the Plaintiff has not satisfied the requirements of FRCP 8(a). Therefore, the instant action must be dismissed pursuant to FRCP 12(b)(6).

## IV.

## CONCLUSION

Based on the foregoing, NDSC requests that its Motion to Dismiss be granted in its entirety and that the Plaintiff's baseless Complaint against NDSC be dismissed in its entirety with prejudice.

DATED this 25th day of September, 2012.

                    TIFFANY & BOSCO, P.A.

                    /s/ Kevin S. Soderstrom
                    _____
                    GREGORY L. WILDE, Esq.
                    Nevada Bar No.: 4417
                    KEVIN S. SODERSTROM, ESQ.
                    Nevada Bar No. 10235
                    212 South Jones Blvd.
                    Las Vegas, Nevada 89107
                    Attorney for Defendant
                    National Default Servicing Corporation

TIFFANY & BOSCO, P.A.
212 S. Jones Blvd.
Las Vegas, NV 89107
Tel 258-8200 Fax 258-8787

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2012, I electronically transmitted the above MOTION TO DISMISS System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

I further certify that on this 25th day of September, 2012, I placed a copy of the above MOTION TO DISMISS into a sealed envelope and mailed it via regular mail, postage prepaid, addressed to:

Dimitriza Toromanova
P.O. Box 19153
Las Vegas, NV 89132
Plaintiff in Proper Person

/s/ Amy Grooms
An employee of Tiffany & Bosco, P.A.