DAVID J. MERRILL
Nevada Bar No. 6060
MORGAN F. SHAH
Nevada Bar No. 12490
DAVID J. MERRILL, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 566-1935
Facsimile: (702) 993-8841
E-mail: david@djmerrillpc.com
Attorneys for WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DIMITRITZA TOROMANOVA, an
Individual,

          Plaintiff,

      vs.

WELLS FARGO BANK, N.A.; WACHOVIA
MORTGAGE, FSB; NATIONAL DEFAULT
SERVICING CORP; TIFFANY K. LABO,

          Defendants.

Case No.: 2:12-cv-01637-LRH-(CWH)

## WELLS FARGO BANK, N.A.'S MOTION TO DISMISS AND TO EXPUNGE LIS PENDENS, AND MOTION FOR ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT

        Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") moves this court for an order: (1) dismissing the plaintiff's, Dimitritza Toromanova ("Toromanova"), Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6); (2) expunging the *lis pendens* on the subject property; and (3) declaring Toromanova a vexatious litigant and enjoining her from filing any further actions against Wells Fargo relating to the Property or recording any documents concerning the Property without first obtaining leave from the Court. Wells Fargo bases this motion on the following memorandum of points and authorities, the

papers on file with this Court, including the Complaint, any documents incorporated by reference or attached to the Complaint, recorded documents which the Court may take judicial notice of, and any oral argument that this Court may entertain.

DATED this 25th day of September 2012.

DAVID J. MERRILL, P.C.

By: _____
DAVID J. MERRILL
MORGAN F. SHAH
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935
Attorneys for WELLS FARGO BANK, N.A.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

The instant action is just the latest in a string of legal battles between Toromanova and Wells Fargo concerning Toromanova's default on the terms of her loan and Wells Fargo's foreclosure. Toromanova first challenged Wells Fargo's efforts to foreclose by filing a bankruptcy petition that she then voluntarily dismissed just weeks later. Instead of pursuing the bankruptcy, Toromanova filed an action in this Court challenging Wells Fargo's right to foreclose. However, this Court dismissed Toromanova's complaint with prejudice and entered a judgment in favor of Wells Fargo. Consequently, Wells Fargo foreclosed upon the property.

Despite this Court's order dismissing Toromanova's case and Wells Fargo's subsequent foreclosure, Toromanova refused to vacate the property. As a result, Toromanova forced Wells Fargo to obtain a writ of restitution from the Justice Court, which Toromanova unsuccessfully appealed to the Eighth Judicial District Court. Toromanova also unsuccessfully sought writ relief from the Nevada Supreme Court.

Although three courts ruled against Toromanova and in favor of Wells Fargo, she would not take "no" for an answer. Instead, she filed a second complaint, this time in state court. Wells Fargo removed the action to this Court and moved to dismiss the complaint, which this

2

1  Court granted.  Again refusing to accept the finality of this Court's order dismissing her claims

2  against Wells Fargo, Toromanova filed an amended complaint (her third complaint against Wells

3  Fargo), which Wells Fargo again moved to dismiss.  Wells Fargo's motion to dismiss the

4  amended complaint is currently pending before this Court.

5      However, instead of waiting for this Court to dismiss her amended complaint,

6  Toromanova filed her *fourth* complaint against Wells Fargo, again in state court.  Wells Fargo

7  removed the action to this Court and respectfully requests that this Court dismiss the complaint

8  because: (1) it is barred by *res judicata*; and (2) even if *res judicata* did not bar the action, the

9  complaint fails to state a claim upon which relief may be granted.  In addition, Wells Fargo asks

10 this Court to again order the release of the *lis pendens* Toromanova filed and recorded in

11 connection with the filing of this action.  Finally, Toromanova's actions make it abundantly clear

12 that she will not take "no" for an answer and will continue to litigate against Wells Fargo and

13 record fraudulent documents in the chain of title in an effort to harass and frustrate Wells Fargo.

14 Accordingly, Wells Fargo respectfully requests that this Court declare Toromanova as a

15 vexatious litigant and prevent her from filing any more actions against Wells Fargo or recording

16 any documents in the property's chain of title without first obtaining leave of this Court.

17                              **II.  STATEMENT OF FACTS**

18    A.    **Toromanova defaulted on her obligations under the terms of a promissory
            note held by Wells Fargo and secured by real property**
19

20    The property involved in this action is located at 2912 Hot Cider Avenue, North Las

21 Vegas, Nevada 89031 (the "Property").  In March 2006, Toromanova executed an Adjustable

22 Rate Mortgage Note Pick-A-Payment Loan (the "Note") and Deed of Trust in favor of World

23 Savings Bank, FSB ("World Savings") for $288,000.[1]  The lender and beneficiary of the Deed of

24 Trust was World Savings.[2]

25

26

_____

27  [1]       *See* Note, attached hereto as Exhibit 1; Deed of Trust, attached hereto as Exhibit 2.

28  [2]       *See* Deed of Trust at 1.

1    On or about December 31, 2007, World Savings changed its name to Wachovia

2  Mortgage, FSB ("Wachovia Mortgage").[3]  Effective November 1, 2009, Wachovia Mortgage

3  merged with and into Wells Fargo Bank, N.A. and is now known as Wachovia Mortgage, a

4  Division of Wells Fargo Bank, N.A.[4]  Wachovia Mortgage (and its predecessor, World Savings)

5  was a federal savings bank regulated by the Office of Thrift Supervision ("OTS").[5]

6    On August 27, 2010, a Notice of Default and Election to Sell Under Deed of Trustee (the

7  "Notice of Default") was recorded.[6]  At that time, Toromanova was $25,840.85 in arrears.[7]

8  Toromanova failed to cure the default and did not elect to participate in the Nevada Foreclosure

9  Mediation Program.[8]  Consequently, a Notice of Trustee's Sale was recorded on January 26,

10  2011,[9] and the trustee's sale was scheduled to take place on February 16, 2011.[10]

11

12  [3]    *See* Federal Deposit Insurance Corporation notice and history of World Savings Bank's name change to
13  Wachovia Mortgage, attached hereto as Exhibit 3.  Wells Fargo respectfully requests that the Court take judicial
     notice of the notice and history of World Savings Bank's name change to Wachovia Mortgage, as it is a "document
14  reflecting official acts of the executive branch of the United States and that they are judicially noticeable pursuant to
     Rule 201(b)(2) of the Federal Rules of Evidence."  *Gonzalez v. Wells Fargo Bank, FSB,* No. C11-00247, 2011 WL
15  1877219, at *1 n.2 (N.D.Cal. May 17, 2011).

16  [4]    *See* Official Certification of the Comptroller of the Currency regarding merger, attached hereto as Exhibit
     4.  Wells Fargo respectfully requests that the Court take judicial notice of the Official Certificate of the Comptroller
17  of the Currency as it is a "document reflecting official acts of the executive branch of the United States and that they
     are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence."  *Gonzalez v. Wells Fargo
18  Bank, FSB,* No. C11-00247, 2011 WL 1877219, at *1 n.2.

19  [5]    *See* Charter of Wachovia Mortgage, attached hereto as Exhibit 5.  Wells Fargo respectfully requests that the
     Court take judicial notice of the Charter of Wachovia Mortgage as it is a "document reflecting official acts of the
20  executive branch of the United States and that they are judicially noticeable pursuant to Rule 201(b)(2) of the
     Federal Rules of Evidence."  *Gonzalez v. Wells Fargo Bank, FSB,* No. C11-00247, 2011 WL 1877219, at *1 n.2.

21  [6]    *See* Notice of Default, attached hereto as Exhibit 6.  Wells Fargo respectfully requests that this Court take
     judicial notice of documents recorded on the Property, as they are matters of public record.  *See United States v.*
22  *14.02 Acres of Land,* 547 F.3d 943, 955 (9th Cir. 2008) (the court "may take judicial notice of matters of public
     record") (citations and internal quotation marks omitted); *Valasquez v. Mortg. Elec. Registration Sys., Inc.,* 2008
23  WL 4938162 at *2-3 (N.D. Cal. Nov. 17, 2008) (taking judicial notice of Deed of Trust, Assignment of Deed of
     Trust, Notice of Default and Election to Sell, Substitution of Trustee, and Rescission of Notice of Default because
24  they were publicly recorded).

25  [7]    *Id.*

26  [8]    *See* Mediation Certificate, attached hereto as Exhibit 7.

27  [9]    *See* Notice of Trustee's Sale (Jan. 26, 2011), attached hereto as Exhibit 8.

28  [10]    *Id.*

1

**B.     Toromonova first delayed foreclosure by filing for bankruptcy and then filing an action in this Court, which this Court dismissed.**

2        After Wells Fargo recorded the Notice of Default, however, Toromanova took action to

3   delay the foreclosure.  First, on November 24, 2010, Toromanova filed a Chapter 7 voluntary

4   bankruptcy petition.[11]  Then, on December 17, 2010, Toromanova filed a motion to voluntarily

5   dismiss her bankruptcy case[12] and filed a complaint with this Court against Wells Fargo and

6   others concerning the Property (the "First Complaint").[13]  In addition, Toromanova recorded a

7   Notice of Lis Pendens on February 14, 2011.[14]  Yet, neither the First Complaint, nor any one of

8   Toromanova's many other filings, contained a comprehensible claim for relief.[15]  Accordingly,

9   upon Wells Fargo's motion, the Court dismissed Toromanova's complaint and released the *lis*

10  *pendens* in an order dated August 17, 2011.[16]  Further, at the Court's direction, the Clerk of the

11  Court entered judgment in Wells Fargo's favor.[17]

12       As a result, another Notice of Trustee's Sale was recorded on September 1, 2011 and a

13  sale was scheduled for October 3, 2011.[18]  A Trustee's Deed Upon Sale was recorded on October

14  11, 2011.[19]

15

16

17

---

18  [11]     *See* Bankruptcy Court Docket for Case No. 10-32163-BAM, attached hereto as Exhibit 9.

19  [12]     *Id.*

20  [13]     *See* First Complaint, attached hereto as Exhibit 10.

21  [14]     *See* Notice of Lis Pendens, attached hereto as Exhibit 11.  Over the course of the past two years,
    Toromanova also recorded numerous documents on the Property purporting to convey the Property to herself and
22  others, and asserting an interest in the Property even after Wells Fargo foreclosed.  *See* List of Recorded Documents,
    attached hereto as Exhibit 20; *see also, e.g.,* Affidavit of Dimitritza Toromanova (Jun. 8, 2012), Affidavit of Interest
23  (Jun. 8, 2012), and Quitclaim Deed (Feb. 7, 2012), attached hereto as Exhibit 30.

24  [15]     *See generally* First Complaint; *see also* various documents filed in Case No. 2:10-cv-02193-PMP-(GWF),
    attached hereto as Exhibit 12.

25  [16]     *See* Order (Aug. 17, 2011), attached hereto as Exhibit 13.

26  [17]     *See* Judgment in a Civil Case, attached hereto as Exhibit 14.

27  [18]     *See* Notice of Trustee's Sale (Sep. 1, 2011), attached hereto as Exhibit 15.

28  [19]     *See* Trustee's Deed Upon Sale, attached hereto as Exhibit 16.

**C.   Despite the order from this Court dismissing her case and the foreclosure sale of the Property, Toromanova refused to vacate the Property, thereby forcing Wells Fargo to institute an action in the Justice Court.**

Despite the order from this Court dismissing her case and the subsequent foreclosure sale of the Property, Toromanova refused to vacate the Property, and Wells Fargo was required to institute an action in the North Las Vegas Justice Court (the "Justice Court") to gain possession.[20]  On February 6, 2012, the Justice Court entered a Temporary Writ of Restitution directing the Sheriff or Constable to evict Toromanova and all other occupants from the Property.[21]  Toromanova appealed the Justice Court's decision to the Eighth Judicial District Court.[22]

On April 6, 2012, Wells Fargo filed a motion to dismiss Toromanova's appeal in the Eighth Judicial District Court.[23]  On May 23, 2012, the Court held a hearing on Wells Fargo's motion.[24]  After arguments by the parties, the Court granted Wells Fargo's motion and dismissed Toromanova's appeal.[25]  The Court's decision triggered a flurry of motions in every available venue.  Toromanova immediately filed a writ petition with the Nevada Supreme Court on May 25, 2012.[26]  Further, in the Eighth Judicial District Court, Toromanova filed a motion for reconsideration on June 6, 2012, followed by a motion to vacate temporary writ of restitution filed on June 19, 2012.[27]  Toromanova also filed an application for stay of enforcement of temporary writ of restitution in unlawful detainer action and preliminary injunction with this Court on June 4, 2012.[28]  However, Toromanova's efforts were unsuccessful.[29]

---

[20]   *See* Complaint for Unlawful Detainer, attached hereto as Exhibit 17.

[21]   *See* Temporary Writ of Restitution, attached hereto as Exhibit 18.

[22]   *See* Court Docket for Case No. A-12-657343-A (the "Appeal Docket"), attached hereto as Exhibit 22.

[23]   *Id.*

[24]   *Id.*

[25]   *See* Minutes of the Court dated May 23, 2012, attached hereto as Exhibit 24.

[26]   *See* Emergency Motion Under NRAP 27(E) Emergency Petition for Extraordinary Writ Relief, attached hereto as Exhibit 25.

[27]   *See* Appeal Docket, attached hereto as Exhibit 22.

[28]   *See* Court Docket for Case No. 2:12-cv-00328-GMN-(CWH), attached hereto as Exhibit 23.

1

2

3

4   **D.      Undeterred by this Court's dismissal of the First Complaint, Toromanova filed another complaint in state court and a motion for preliminary injunction, which Wells Fargo removed to this Court, and this Court entered an order dismissing the claims against Wells Fargo.**

5   Without regard for this Court's prior dismissal or the judgment entered in Wells Fargo's

6   favor, on February 10, 2012, Toromanova filed another complaint (the "Second Complaint"),

7   this time in state court, and recorded another *lis pendens* on the Property.[30]  Together with the

8   Second Complaint, Toromanova also filed a motion for preliminary injunction.[31]

9   On February 29, 2012, Wells Fargo removed the action initiated by the Second

10  Complaint to this Court.[32]  Wells Fargo subsequently filed its opposition to Toromanova's

11  motion for preliminary injunction and filed a motion to dismiss and to expunge *lis pendens* (the

12  "Motion to Dismiss").[33]  On March 9, 2012, this Court entered an order denying Toromanova's

13  motion for preliminary injunction.

14  Moreover, on June 25, 2012 this Court entered an order granting Wells Fargo's Motion to

15  Dismiss, concluding that *res judicata* barred Toromanova's claims against Wells Fargo.[34]  The

16  Court further dismissed with prejudice Toromanova's first and second causes of action as against

17  all defendants, but granted Toromanova leave to amend her third and fourth causes of action

18  against NDSC.[35]  The Court did not permit Toromanova to assert new claims against Wells

19  Fargo.[36]

20  [29]      *See* Order Denying Petition for Extraordinary Writ Relief, attached hereto as Exhibit 26; Minutes of the Court dated August 1, 2012, attached hereto as Exhibit 27; Order (Jun. 25, 2012), attached hereto as Exhibit 28.

21

22  [30]      *See generally* Second Complaint, attached hereto as Exhibit 19; *see also* List of Recorded Documents, 2, attached hereto as Exhibit 20.

23  [31]      *See* Court Docket for Case No. A-12-656295-C, attached hereto as Exhibit 21.

24  [32]      *Id.*; *see also* Court Docket for Case No. 2:12-cv-00328-GMN-(CWH), attached hereto as Exhibit 23.

25  [33]      *See* Court Docket for Case No. 2:12-cv-00328-GMN-(CWH).

26  [34]      *See* Order (Jun. 25, 2012), attached hereto as Exhibit 28.

27  [35]      *Id.*

28  [36]      *Id.*

7

E.   **Even though this Court dismissed her Second Complaint against Wells Fargo, Toromanova filed an amended complaint, in which she *again* purports to assert claims against Wells Fargo.**

Again undeterred by this Court's orders, on July 18, 2012, Toromanova filed an amended complaint that purports to add defendants and again attempts to plead numerous claims against Wells Fargo (the "Third Complaint").[37]  However, as this Court previously concluded, *res judicata* bars Toromanova's claims, and Toromanova still fails to state a claim upon which relief can be granted.  Consequently, Wells Fargo filed a motion to dismiss Toromanova's Third Complaint, which is still pending before this Court.[38]

F.   **Instead of waiting for this Court to dismiss her Third Complaint, Toromanova again filed a complaint in state court, which Wells Fargo removed to this Court.**

After receiving an extension of time to respond to Wells Fargo's motion to dismiss her Third Complaint, Toromanova chose to file yet another complaint concerning the Property in state court on August 27, 2012 (the "Fourth Complaint"),[39] which Wells Fargo removed to this Court on September 18, 2012.[40]  In addition, Toromanova recorded yet another *lis pendens* on the Property.[41]  Unsurprisingly, the Fourth Complaint fails to state a claim upon which relief can be granted.  Accordingly, the Court should again enter an order dismissing Toromanova's claims against Wells Fargo with prejudice and release the *lis pendens*.  Further the Court should end Toromanova's meritless crusade against Wells Fargo and enjoin her from filing or recording any additional actions or papers against Wells Fargo relating to the Property without first obtaining leave from the Court.

---

[37]     *See* Third Complaint, attached hereto as Exhibit 29.

[38]     *See* Court Docket for Case No. 2:12-cv-00328-GMN-(CWH).

[39]     *See* Fourth Complaint (Doc. 1-1).

[40]     *See generally* Petition for Removal (Doc. 1).

[41]     *See* Notice of Pendency of Action (Aug. 27, 2012) (Doc. 1-3), attached to the Petition for Removal as Exhibit B.

8

1

### III.  ARGUMENT

2
A.    **The Court should dismiss Toromanova's Complaint with prejudice and enter an order expunging the *lis pendens* on the Property.**

3
1.      **Standards for a Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).**

4      A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) can be based on the failure to

5   allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal

6   theory.[42]  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth

7   factual allegations sufficient "to raise a right to relief above the speculative level."[43]

8      While a court considering a motion to dismiss must accept as true the allegations of the

9   complaint in question,[44] must construe the pleading in the light most favorable to the party

10  opposing the motion, and resolve factual disputes in the pleader's favor,[45] the allegations must be

11  factual in nature.[46]  Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' but it

12  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[47]

13     The Ninth Circuit follows the methodological approach set forth in *Iqbal* for assessing a

14  complaint:

15
16
17
> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[48]

18

19

20

---

21   [42]    *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

22   [43]    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

23   [44]    *Hosp. Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976).

24   [45]    *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

25   [46]    *See Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to
26   relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

27   [47]    *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

28   [48]    *Moss v. U.S. Secret Service*, 572 F.3d 962, 970 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1950).

9

1    A district court may consider materials in a 12(b)(6) motion to dismiss that are not part of

2 the pleadings but that are 'matters of public record' of which the court may take judicial notice

3 pursuant to Federal Rule of Evidence 201.[49]

4        **2.** ***Res judicata* bars Toromanova's claims.**

5    "*Res judicata*, also known as claim preclusion, bars litigation in a subsequent action of

6 any claims that were raised or could have been raised in the prior action."[50]  "The doctrine is

7 applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3)

8 identity or privity between parties."[51]  There is an identity of claims where "the two suits arise

9 out of the same transactional nucleus of facts."[52]  Fed. R. Civ. P. 41(b) provides that any

10 dismissal, except for one for lack of jurisdiction, improper venue, or failure to join a party under

11 Fed. R. Civ. P. 19, operates as a final judgment on the merits,[53] and, therefore, "involuntary

12 dismissal generally acts as a judgment on the merits for the purposes of *res judicata*."[54]

13 Accordingly, "dismissal of an action for failure to state a claim under F.R.C.P. 12(b)(6) is a

14 'judgment on the merits,' and claim preclusion bars a plaintiff from filing another complaint on

15 the same claim for relief."[55]

16    On December 17, 2010, Toromanova filed her first complaint against Wells Fargo, and

17 others, concerning the Property.[56]  Although apparently related to the Property, Toromanova's

---

18 [49]  *See Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2005).

19 [50]  *See Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio*
20 *Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir. 1997)).

21 [51]  *Id.*

22 [52]  *See Frank v. United Airlines, Inc.,* 216 F.3d 845, 851 (9th Cir. 2001).

23 [53]  *See* F.R.C.P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a
defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a
24 dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction,
improper venue, or failure to join party under Rule 19—operates as an adjudication on the merits.")

25 [54]  *See Owens*, 244 F.3d at 714 (quoting *U.S. v. Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997)).

26 [55]  *See In re Coleman*, 2012 WL 603730, *6 (B.A.P. 9th Cir. Feb. 3, 2012) (citing *Stewart v. U.S. Bancorp,*
297 F.3d 953, 957 (9th Cir. 2001)) (holding plaintiff-debtor's claims alleged in adversary proceeding were barred by
27 *res judicata* where those claims involved the same transaction or nucleus of facts as claims previously dismissed by
the United States District Court pursuant to Fed. R. Civ. P. 12(b)(6)).

28 [56]  *See* First Complaint, attached hereto as Exhibit 10.

1   complaint did not contain a discernable cause of action.[57]   Accordingly, upon Wells Fargo's

2   motion, the Court entered an order dismissing the complaint and expunging the *lis pendens* on

3   August 17, 2011.[58]   The Court further entered judgment in Wells Fargo's favor.[59]   Toromanova

4   later filed another complaint concerning the Property against Wells Fargo in state court, which

5   Wells Fargo removed to this Court.[60]   Upon Wells Fargo's motion, the Court entered an order

6   dismissing all of Toromanova's claims against Wells Fargo as barred by *res judicata* on June 25,

7   2012.[61]   In its order dismissing Toromanova's claims, this Court generously granted Toromanova

8   leave to amend two of her claims as against NDSC.[62]   However, Toromanova interpreted the

9   Court's narrow leave as permission to file a new complaint altogether, and Toromanova included

10  a myriad of claims against Wells Fargo in her amended complaint.[63]   Consequently, Wells Fargo

11  filed another motion to dismiss on August 6, 2012, which is pending before this Court.[64]   After

12  obtaining an extension of time to respond to Wells Fargo's motion,[65] Toromanova deigned to file

13  the instant action concerning the Property in state court.[66]   Because this Court has twice

14  dismissed Toromanova's claims concerning the Property as to Wells Fargo, *res judicata* bars

15  Toromanova's claims.[67]   Accordingly, the Court should enter an order dismissing Toromanova's

16  complaint with prejudice.

17  _____

18  [57]    *Id.*

19  [58]    *See* Order (Aug. 17, 2011), attached hereto as Exhibit 13.

20  [59]    *See* Judgment in a Civil Case, attached hereto as Exhibit 14.

21  [60]    *See* Second Compl., attached hereto as Exhibit 19; *see also* Court Docket for Case No. 2:12-cv-00328-GMN-(CWH).

22  [61]    *See* Order (Jun. 25, 2012), attached hereto as Exhibit 28.

23  [62]    *Id.* at 11.

24  [63]    *See* Third Compl., attached hereto as Exhibit

25  [64]    *See* Court Docket for Case No. 2:12-cv-00328-GMN-(CWH).

26  [65]    *Id.*

27  [66]    *See generally* Fourth Compl.

28  [67]    *See Owens*, 244 F.3d at 714; *see also* F.R.C.P. 41(b).

11

Tacitly acknowledging that her claims are barred, Toromanova states that she "makes this complaint primarily under this court's jurisdiction provided by the Uniform Declaratory Judgment Act and this court's inherent power to entertain an independent action for fraud upon the court."[68]   "Independent actions must . . . be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of *res judicata*."[69]   Indeed, "an independent action should be available **only** to prevent a grave miscarriage of justice."[70]   In particular, "an independent action to set aside a judgment for fraud on the court lies in misconduct that harms the integrity of the judicial process."[71]   "Fraud upon the court embraces only that species of fraud which does or attempts to defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication."[72]   Here, Toromanova fails to allege any facts to support her assertion that there has been a fraud upon the Court.[73]   Accordingly, the Court should not treat this matter as an independent action under Fed. R. Civ. P. 60(d), and the Court should dismiss Toromanova's Fourth Complaint with prejudice.[74]

### 3.   Even if *res judicata* did not bar Toromanova's claims, Toromanova fails to state a claim upon which relief can be granted.

By now, Toromanova is well aware of the fact that a complaint devoid of factual allegations is insufficient to maintain a cause of action.   Nevertheless, Toromanova's latest complaint contains even less factual information than her previously dismissed complaints.[75]

---

[68]   *See* Fourth Compl. at 1:5-7.

[69]   *See U.S. v. Beggerly*, 524 U.S. 38, 46 (1998) (internal quotation marks omitted).

[70]   *Id.* at 47 (emphasis added).

[71]   *See Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (quoting *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999)).

[72]   *Id.*

[73]   *See generally* Fourth Compl.

[74]   *See Kendall v. Visa USA, Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.").

[75]   Save, perhaps, for her First Complaint, which is most succinctly described as incomprehensible.

1   Rather, Toromanova flatly asserts she is entitled to declaratory relief and that the Court should

2   order the Property returned to her free of all claims without providing any factual basis for doing

3   so.[76]  In short, the Fourth Complaint does not set forth factual allegations sufficient "to raise a

4   right to relief above the speculative level."[77]  Moreover, the Fourth Complaint cannot be saved

5   by amendment.

6       Indeed, as set forth above, *res judicata* bars Toromanova's claims.  Furthermore, as

7   Wells Fargo has explained several times before, Wells Fargo was entitled to foreclose on the

8   Property and Toromanova lacks standing to challenge the foreclosure.[78]  The Nevada Supreme

9   Court held in *Collins v. Union Fed. Sav. & Loan Ass'n* that "[a]n action for the tort of wrongful

10   foreclosure will lie if the [borrower] can establish that at the time the power of sale was

11   exercised or the foreclosure occurred, no breach of condition or failure of performance existed

12   on the [borrower's] part which would have authorized the foreclosure or exercise of the power of

13   sale."[79]  In addition, a plaintiff who seeks equitable judicial relief must first "do equity"

14   himself.[80]

15       Here, Toromanova admitted in a prior complaint that she stopped making payments due

16   under the Note in 2009, and she does not allege otherwise in her Fourth Complaint.[81]  Under the

17   Note and the Deed of Trust, failure to "pay the full amount of each regularly scheduled payment

18   on the date it is due" constitutes a breach of duty.[82]  If a breach of duty occurs, Wells Fargo "may

19   exercise the power of sale, take action to have the Property sold under applicable law, and invoke

---

[76]   *See* Fourth Compl. at 2:3-14.

[77]   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[78]   *See, e.g.,* Wells Fargo's Mot. to Dismiss and Expunge Lis Pendens (Mar. 7, 2012), Case No. 2:12-cv-00328-GMN-(CWH) (Doc. 6); Wells Fargo's Opp. to Pl.'s Mot. for Prelim. Inj. (Mar. 1, 2012), Case No. 2:12-cv-00328-GMN-(CWH) (Doc. 5); Wells Fargo's Mot. to Dismiss Am. Compl. (Aug. 6, 2012), Case No. 2:12-cv-00328-GMN-(CWH) (Doc. 23).

[79]   99 Nev. 284, 304, 662 P.2d 610, 623 (1983) (citations omitted).

[80]   *See NOLM, LLC v. County of Clark*, 100 P.3d 658, 663 (Nev. 1987).

[81]   *See* Second Compl. at ¶ 10; *see generally* Fourth Compl.

[82]   *See* Deed of Trust, 13, § 28; *see also* Note, 4, § 7(B).

13

1    such other remedies as may be permitted under any applicable law."[83]   Accordingly, Wells Fargo

2    properly exercised the power of sale and Toromanova lacks standing to challenge the

3    foreclosure.   Therefore, the Court should enter an order dismissing Toromanova's Fourth

4    Complaint with prejudice.

5              **4.        If the action is dismissed, the *lis pendens* must be released**.

6              Although a *lis pendens* is proper in any action "affecting the title or possession of real

7    property,"[84] it must be cancelled when the court dismisses the action.[85]   Here, because dismissal

8    of the Fourth Complaint is warranted, Toromanova no longer has an action "affecting the title or

9    possession of real property."[86]   Moreover, Toromanova has not alleged that she can perform "any

10   conditions precedent to the relief sought in the action insofar as it affects the title or possession

11   of the real property."[87]   Therefore, the Court should order release of the *lis pendens*.

12             **B.        The Court should declare Toromanova a vexatious litigant and enjoin
                           Toromanova from filing any further actions against Wells Fargo that relate
13                         to the Property or recording any documents concerning the Property without
                           first obtaining leave of the Court.**
14
15             "Flagrant abuse of the judicial process cannot be tolerated because it enables one person

16   to preempt the use of judicial time that properly could be used to consider the meritorious claims

17   of other litigants."[88]   Under 28 U.S.C. § 1651(a), district courts have the inherent power to enjoin

18   vexatious litigants "from filing further actions or papers unless he or she first meets certain

19   requirements, such as obtaining leave of the court or filing declarations that support the merits of

20   the case."[89]   To enter such an order, (1) "the litigant must be given notice and a chance to be

---

21   [83]        *See* Deed of Trust at 13, § 28.

22   [84]        NRS 14.010(1).

23   [85]        *See Garcia v. America's Servicing Co.,* 2010 WL 3081485 at *2 (D. Nev. Aug. 5, 2010) (citing *Lee v.*
24   *Duncan,* 870 A.2d 1 (2005); *Vance v. Lomas Mortg. USA, Inc.,* 426 S.E.2d 873 (1973)).

25   [86]        NRS 14.010(1).

26   [87]        NRS 14.015(2)(c).

27   [88]        *See De Long v. Hennessey,* 912 F.2d 1144, 1148 (9th Cir. 1999).

28   [89]        *See Weissman v. Quail Lodge, Inc.,* 179 F.3d 1194, 1197 (9th Cir. 1999) (citing *De Long v. Hennessey,* 912
     F.2d 1144, 1146-47).

14

1   heard," (2) the Court "must compile an adequate record for review," (3) the Court "must make

2   substantive findings about the frivolous or harassing nature of the plaintiff's litigation," and (3)

3   "the vexatious litigant order must be narrowly tailored to closely fit the specific vice

4   encountered."[90]  In determining whether a litigant's actions are frivolous or harassing, the Court

5   must consider "both the number and content of the filings as indicia of the frivolousness of the

6   litigant's claims."[91]

7          Here, Toromanova's actions serve no purpose other than to harass the defendants.

8   Despite the fact that she admittedly stopped making her mortgage payments in 2009,[92]

9   Toromanova has done everything possible to interfere with Wells Fargo's rights to the Property.

10   Toromanova filed bankruptcy,[93] recorded numerous fraudulent documents in the Property's

11   chain of title,[94] maintained a meritless defense to the eviction action against her,[95] and, to date,

12   has filed *four* complaints against Wells Fargo and others concerning the Property, three of which

13   came after this Court dismissed Toromanova's claims with prejudice and entered judgment in

14   Wells Fargo's favor.[96]  Indeed, given her pattern of ignoring this Court's orders, it is clear that

15   Toromanova is not litigating in good faith.  Accordingly, Wells Fargo respectfully requests that

16   this Court put an end to Toromanova's crusade by entering an order declaring her a vexatious

17   litigant and enjoining Toromanova from filing any further actions against Wells Fargo relating to

18   the Property or recording any documents concerning the Property without first obtaining leave

19   from the Court.

---

20   [90]     *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing *De long v. Hennessey*,
21   912 F.2d 1144, 1147-48).

22   [91]     *See De Long v. Hennessey*, 912 F.2d at 1148 (internal quotation marks and citations omitted).

23   [92]     *See* Third Compl. at ¶ 10.

24   [93]     *See generally* Bankruptcy Court Docket for Case No. 10-32163-BAM, attached hereto as Exhibit 9.

25   [94]     *See* List of Recorded Documents, attached hereto as Exhibit 20; *see also, e.g.,* Affidavit of Dimitritza
Toromanova (Jun. 8, 2012), Affidavit of Interest (Jun. 8, 2012), and Quitclaim Deed (Feb. 7, 2012), attached hereto
26   as Exhibit 30.

27   [95]     *See, e.g.,* Appeal Docket.

28   [96]     *See generally* First Complaint; Second Complaint; Third Complaint; Fourth Complaint; *see also* Order
(Aug. 17, 2011), attached hereto as Exhibit 13; Judgment in a Civil Case, attached hereto as Exhibit 14.

1

## IV.  CONCLUSION

2       For the foregoing reasons, Wells Fargo respectfully requests that the Court grant its

3   Motion and enter an order: (1) dismissing Toromanova's claims with prejudice, (2) expunging

4   the *lis pendens* on the Property, and (3) declaring Toromanova a vexatious litigant and enjoining

5   her from filing any further actions against Wells Fargo relating to the Property or recording any

6   documents concerning the Property without first obtaining leave from the Court.[97]

7       DATED this 25th day of September 2012.

8                                                   DAVID J. MERRILL, P.C.

9

10                                          By:     _____
                                                    DAVID J. MERRILL
11                                                  MORGAN F. SHAH
                                                    10161 Park Run Drive, Suite 150
12                                                  Las Vegas, Nevada 89145
                                                    (702) 566-1935
13                                                  Attorneys for WELLS FARGO BANK, N.A.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[97]      *See Kendall v. Visa USA, Inc.,* 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.").

16

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 25th day of September 2012, service of the foregoing Motion to Dismiss and to Expunge Lis Pendens and Motion for Order Declaring Plaintiff a Vexatious Litigant was made to all counsel in the action through the Court's CM/ECF system.  In addition, service was made by placing a copy in the United States Mail, postage prepaid and addressed to the following at their last known addresses:

Dimitritza Toromanova          Tiffany K. Labo
P.O. Box 19153                 10120 S. Eastern Avenue, Ste. 300
Las Vegas, Nevada  89132       Henderson, Nevada  89052

An employee of David J. Merrill, P.C.

17