MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No. 004762
CHRISTOPHER J. RICHARDSON, ESQ.
Nevada Bar No. 009166
OLSON, CANNON, GORMLEY & DESRUISSEAUX
9950 W. Cheyenne Avenue
Las Vegas, NV 89129
702-384-4012
702-383-0701 fax
mstoberski@ocgd.com
crichardson@ocgd.com

Attorneys for Tiffany K. Labo

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \*

| | |
|---|---|
| DIMITRITZA TOROMANOVA, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, FSB; NATIONAL DEFAULT SERVICING CORP; TIFFANY K. LABO,<br><br>　　　　　　　　　　　Defendants. | CASE NO.  2:12-cv-01637-LRH-(CWH) |

### DEFENDANT TIFFANY K. LABO'S MOTION TO DISMISS

COME NOW DEFENDANT Tiffany K. Labo (hereinafter "Labo"), by and through her attorneys Michael E. Stoberski, Esq. and Christopher J. Richardson, of the law firm OLSON, CANNON, GORMLEY & DESRUISSEAUX, and hereby move to dismiss all causes of action against them contained in Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state any claim upon which relief can be granted.

. . .

. . .

. . .

This Motion is made and based upon all the pleadings and papers on file herein, the attached points and authorities, in conjunction with such evidence and further authorities as the Court may require at the time this matter is considered.

DATED this __1__ day of October, 2012.

OLSON, CANNON, GORMLEY & DESRUISSEAUX

_/s/_

MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No. 004762
CHRISTOPHER J. RICHARDSON, ESQ.
Nevada Bar No. 009166
9950 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorneys for Tiffany K. Labo

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

After being dealt a series of defeats in numerous lawsuits filed at both the state and federal level, the Plaintiff Dimitritza Toromanova ("Plaintiff") has again set her sights on filing another frivolous action, and in doing so, named innocent parties who have no interest in the outcome of the lawsuit. In this most recent lawsuit, Plaintiff is requesting declaratory relief in an effort to regain ownership interest in a home she previously lost in foreclosure. In doing so, Plaintiff has sued Defendant Tiffany Labo ("Labo") for simply placing a lock box on the home following a court-ordered foreclosure and order to the Constable to initiate lockout proceedings. Because Labo has no ownership interest in the property, there can be no claim for declaratory relief as it relates to her. Therefore, given that no justiciable controversy exists as between Plaintiff and Labo, Labo respectfully requests that all claims alleged against her be dismissed, with prejudice.

. . .

. . .

. . .

## II. FACTUAL BACKGROUND

On or about March 31, 2006, Plaintiff purchased a house located at 2912 Hot Cider Avenue, North Las Vegas, Nevada 89031 ("the Property").[1] Plaintiff's purchase was secured by a Deed of Trust, with World Savings Bank as the beneficiary.[2] On or about December 31, 2007, World Savings Bank became Wachovia Mortgage. By way of acquisition on November 1, 2009, Wachovia Mortgage merged with and into Wells Fargo Bank, N.A. ("Wells Fargo").[3]

After defaulting on her mortgage payments, Wells Fargo initiated foreclosure proceedings by generating a Notice of Default and Election to Sell Under Deed of Trustee.[4] Because Plaintiff failed to cure the default, a Notice of Trustee's Sale was recorded on January 26, 2011 with the sale to take place on February 16, 2011. On February 14, 2011, Plaintiff filed a lawsuit and recorded a Notice of Lis Pendens. The Court dismissed Plaintiff's complaint and released the lis pendens on August 17, 2011. Another Notice of Trustee's Sale was recorded on September 1, 2011, and the trustee's sale was effectuated on October 11, 2011.

On February 2, 2012 the North Las Vegas Justice Court signed an Order Granting a Temporary Writ of Restitution requiring Plaintiff to turnover possession of the Property to Wells Fargo.[5] The Court also issued a Temporary Writ of Restitution directing the Constable to remove Plaintiff from the Property on or before February 9, 2012.[6] In nothing more than an attempt to delay the inevitable divestment of the Property, Plaintiff filed an appeal in Nevada District Court (Eighth Judicial District Court Case A-12-657343). On or about June 8, 2012 the District Court issued an Order Dismissing Appeal for Lack of Jurisdiction.[7] In that Order, the Court

---

[1] See June 25, 2012 Order Dismissing Complaint, pp 1, ll. 22-25, attached hereto as **Exhibit "A."**

[2] See **Exhibit "A."**

[3] Id.

[4] Id.

[5] See February 6, 2012 Temporary Writ of Restitution, attached hereto as **Exhibit "B."**

[6] See February 6, 2012 Order Directing Issuance of Temporary Writ of Restitution, attached hereto as **Exhibit "C."**

[7] See Order Dismissing Appeal for Lack of Jurisdiction, attached hereto as **Exhibit "D."**

specifically stated that the Temporary Writ of Restitution filed on February 6, 2012 is valid and enforceable.[8] On August 10, 2012 the Nevada District Court reiterated is prior ruling and denied Plaintiff's Motion to Vacate Temporary Writ of Restitution.[9] On February 10, 2012 this same Plaintiff filed a lawsuit against Wells Fargo, Wachovia and National Default Servicing Co. alleging causes of action for: unlawful taking of property, trespass, fraud and RICO violations. That lawsuit was subsequently removed to the Nevada Federal District Court (Case 2:12-cv-00328-GMN-CWH) on February 29, 2012. On June 26, 2012, the Court dismissed all claims as they related to Wells Fargo and Wachovia.[10]

On August 27, 2012, Plaintiff filed the instant lawsuit in Nevada District Court alleging a sing claim for declaratory relief, and in doing so, named Labo as a defendant. This case was eventually removed to the Nevada Federal District Court and now resides before this Honorable Court. Pursuant to the Writ of Restitution, the Constable was initiating lockout proceedings. Labo, as part of the preliminary real estate listing process, was instructed by Wells Fargo to place a lockbox on the Property so that potential buyers could conduct walkthrough visits. This single visit to the Property is Labo's only connection to the dispute between Wells Fargo and Plaintiff.

### III. STANDARD OF REVIEW

Although the claims Plaintiff brings against Tiffany Labo are subject to dismissal under Fed. R. Civ. P. 12(b)(6), additional consideration of documents and pleadings other than the Complaint may be considered. Therefore, this Motion will set out the standard for both a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and a motion for summary judgment under Fed.R.Civ.P. 56.

When considering a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. See Conley v. Gibson,

---

[8] Id.

[9] See Order Denying Motion to Vacate Temporary Writ of Restitution and Countermotion to Direct Court Clerk to Refuse Any Future Filing from Appellant Dimitriza Toromanova in this Appeal, attached hereto as **Exhibit "E."**

[10] See **Exhibit "A"**

355 U.S. 41, 45, 78 S. Ct. 99, 101-02 (1957); Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). It is essentially a ruling on a question of law. See North Star Int'l v. Arizona Corp. Comm., 720 F.2d 578, 580 (9th Cir. 1983). For the movant to succeed, it must appear to a certainty that plaintiff will not be entitled to relief under the facts alleged in the complaint. See Rothman v. Vedder Park Mgt., 912 F.2d 315, 316 (9th Cir. 1990).

Furthermore, "[t]he Court will not assume the truth of Plaintiff's legal conclusions merely because they are cast in the form of factual allegations in Plaintiff's Complaint." Ritzer v. Gerovicap Pharmaceutical Corp, 162 F.R.D. 642, 645 (D. Nev. 1995) citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981). In other words, the court should not accept as true conclusions of law or unwarranted inferences of fact, even if they are pled as facts. See In re Verifone Sec. Litig., 11 F.3d 865, 868 (9th Cir. 1993); see also Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932 . . . (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) . . . ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . .

Id. at 1964-65.

If matters outside the complaint are considered, a motion to dismiss under Rule 12(b)(6) is treated as one for summary judgment under Rule 56. See Fed. R. Civ. P. 12(d); see also Olsen v. Idaho State Bd. Of Med., 363 F.3d 916, 921-22 (9th Cir. 2004).

When considering a motion for summary judgment, Fed. R. Civ. P. 56, states, in pertinent part:

. . .

> (b) *By a Defending Party.* A party against whom relief is sought may move at any time, with or without supporting affidavits, for a summary judgment on all or part of the claim.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Id. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); Fed.R.Civ.P. 56(e). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts. Id. at 586, 1356.

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. Id. at 587, 1356. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986). The court need only resolve factual issues of controversy in favor of the nonmoving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy." See O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. See Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who makes a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." See Celotex, supra. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248, 106 S.Ct. at 2510.

Based on the foregoing facts and controlling case law, it is clear dismissal and/or summary judgment are the appropriate disposition of this matter.

## IV. LEGAL ARGUMENT

### A. LABO WAS ENTITLE TO RELY UPON THE COURT'S ORDER OF A WRIT OF RESTITUTION WHEN SHE PLACED A LOCKBOX TO SECURE THE PROPERTY ON BEHALF OF WELLS FARGO.

Although Plaintiff fails to allege any facts against Labo in the Complaint, it can be surmised that Plaintiff has instituted this action as a result of being dispossessed from the Property following the issuance of a Writ of Restitution. As stated above, Labo's sole participation resulted in placing a lock box on the Property to preserve its safety pending resale to new owners. Labo appeared at the placed a lock box on the Property the very same day the Constable initiated lockout pursuant to the Writ of Restitution. Labo is entitled to reply upon the District Court Order

N.R.S. § 47.240 provides, in relevant part, concerning conclusive presumptions, as follows:

> The following presumptions, and no others, are conclusive:
>
> . . .
>
> (5) The judgment or order of a court, when declared by Titles 2, 3 and 6 of NRS to be conclusive; but such judgment or order must be alleged in the pleadings if there is an opportunity to do so.

NRS 47.240(5) entitles Labo to rely upon the pronouncement of the Court. The Nevada District Court previously granted a Writ of Restitution in favor of Wells Fargo, the legal successor in interest in the Property. In both orders granting dismissal of the case, the Court reiterated that Wells Fargo was free to take possession of the Property following the foreclosure. Labo was informed that the Court granted Writ of Restitution in the Property and was entitled to initiate lockout measures. Labo appeared at the Property along with the Constable, who was

. . .

implementing the lawful lockout, to ensure that a lockbox was applied to the Property. Labo has no interest in the Property to convey to Plaintiff.

### B. PLAINTIFF'S COMPLAINT FAILS TO ALLEGE A COGNIZABLE CLAIM FOR DECLARATORY RELIEF.

Although the Complaint is generally unintelligible and unsupported by any discernible facts, it may be concluded that Plaintiff is claiming a single cause of action for Declaratory Relief seeking to be reinstated as title owner of the Property. Generally, a claim for declaratory relief may be brought when: (1) a justiciable controversy exists; (2) the controversy is between persons with adverse interests; (3) the party seeking declaratory relief has a legally protectible interest; and (4) the issue involved in the controversy is ripe for judicial determination. *See Kress v. Corey*, 65 Nev. 1, 26, 189 P.2d 352, 364 (1948). In this case, Plaintiff's requested relief cannot fulfill any of the prongs under the test.

Although Plaintiff has not alleged any facts that would support any of the prongs required to sustain a claim for Declaratory Relief, there is definitely no controversy between Labo and Plaintiff. Labo was never attempted to gain ownership or any interest in the Property. Labo's sole contact with the Property was limited to placing a lock box on the door so real estate agents could show it to prospective buyers. In short, even assuming Plaintiff's is not barred by res judicata and that she can prevail on a claim for Declaratory Relief, Labo has no interest in the Property to convey.

### C. PLAINTIFF SHOULD NOT BE ALLOWED LEAVE TO AMEND HER COMPLAINT.

Although Courts generally freely give leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment..." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

. . .

To state that the foreclosure proceedings and the subsequent sale of the Property has a tortured history is an understatement. Plaintiff has filed lawsuit after lawsuit "supported" by the same specious claims. Unfortunately, Labo is the latest victim to be caught in Plaintiff's never ending saga. Rather than allow Plaintiff to further belabor the claims, it is respectfully requested that the Court dismiss this lawsuit, with prejudice.

## V. CONCLUSION

Because Labo has no interest in the Property, the Court cannot grant the relief requested by Plaintiff. Moreover, Labo was entitled to rely upon the Court's prior orders directing that possession of the Property be vested in Wells Fargo. Accordingly, it is respectfully requested that Plaintiff's Complaint be dismissed, with prejudice.

DATED this __1__ day of October, 2012.

OLSON, CANNON, GORMLEY &
DESRUISSEAUX

_____
MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No. 004762
CHRISTOPHER J. RICHARDSON, ESQ.
Nevada Bar No. 009166
9950 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorneys for Tiffany K. Labo

## CERTIFICATE OF SERVICE BY ELECTRONIC FILING

I HEREBY CERTIFY that on this 1st day of October, 2012, I sent via e-mail a true and correct copy of the above and foregoing DEFENDANT TIFFANY K. LABO'S MOTION TO DISMISS on the Clark County E-File Electronic Service List.

Dimitritza Toromanova
PO Box 19153
Las Vegas, NV 89132
Pro Se

Kevin Soderstrom, Esq.
Tiffany & Bosco
212 S. Jones Blvd.
Las Vegas, NV 89107
Attorneys for National Default Servicing Corporation

David J. Merrill, Esq.
Morgan F. Shah, Esq.
David J. Merrill, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
Attorneys for Wells Fargo Bank, N.A.

/s/ _____
An Employee of OLSON, CANNON,
GORMLEY & DESRUISSEAUX