Dimitritza Toromanova, Plaintiff
PO Box 19153
Las Vegas, NV 89132
(702) 467-7962

2012 OCT 10 P 2: 53

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Dimitritza Toromanova,

                    Plaintiff,

                 v.

WELLS FARGO BANK,N.A., *et al.*,

                  Defendants.

PLAINTIFF'S MOTION TO REMAND – 28 U.S.C.A. § 1447(c)

Case No.: 2:12-cv-01637-LRH-CWH

I move this court for an order according to 28 U.S.C.A. § 1447(c) remanding this case to the state court from which it was removed.

As a preliminary matter, I received my service copy of the Notice of Removal and attachments by mail.[1]  I have also recently received my service copy of Defendants' motions to dismiss and the resulting "MINUTES OF THE COURT."[2]  I see under the heading "Motion to Dismiss Fed. R. Civ. P. 12(b)(6)" the court said the "nonmoving party") must file points and authorities in opposition to that motion within fourteen (14) days after service of the motion." Because the court's removal jurisdiction is questioned, the Minute Orders and Oppositions would be relevant only if this court denies this motion.  I reserve the right to then file serve my opposition their motions.

SUPPORTING POINTS AND AUTHORITIES

I submit this court lacks subject matter jurisdiction to entertain removal and must remand due to the fact one defendant is a Nevada resident.[3]  28 U.S.C.A. § 1441(b) clearly forbids

---

[1] *See* Docket #1
[2] Docket ## 8, 10 and 16; also called "MINUTE ORDER IN CHAMBERS"
[3] *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1338 (9th Cir. 1987): "But the question of the presence of non-diverse defendant raises a doubt as to the existence of any

removal:[4]

> "(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title **may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.**"

It is a matter of record Defendant Labo has been joined and served as a defendant and is a citizen of this state.

Defendants clearly relied on this court's diversity jurisdiction for removal. In their Petition for Removal they explained:[5]

> "2. JURISDICTION
> "**This Court has jurisdiction of this case under 28 U.S. C. § 1332 because the citizenship of the parties is entirely diverse** and the amount in controversy exceeds $75,000."

Under "A. Diversity of Citizenship" Defendants described each party's diversity. I have no contest with any except for Defendant Labo. Here Defendants claimed:

> "Wells Fargo is further informed and believes that Tiffany K. Labo ("Labo") is a citizen of Nevada. **However, the Court can ignore Labo's citizenship for diversity purposes, as she is fraudulently joined in this action. A joinder is fraudulent when the complaint fails to state a claim against the defendant and the failure is obvious under the settled law of the state.** Here, the Complaint does not contain any claims for relief as against Labo. Rather, it appears that Toromanova named Labo as a defendant in this action simply because she is the real estate agent listed as the contact person for sales inquiries regarding the Property. Consequently, Labo is fraudulently joined in this matter."

Defendants then concluded "As established by these facts, there is complete diversity of citizenship between plaintiff and defendants under 28 U.S.C. § 1332(a)."

Defendants are wrong on all points:

1.      Labo is a defendant because it is required by Nevada law;

---

federal jurisdiction."
> Unless otherwise noted, all boldface is my added emphasis
> Docket #1, beginning on page 2

Page 2 - MOTION TO REMAND

2.      Either this court has jurisdiction or it does not, and Labo cannot cure being a non-diverse defendant simply by "consenting";

3.      Labo was far more than "simply . . . the real estate agent listed as the contact person for sales inquiries regarding the Property"; and

4.      Dismissal for "failure to state a claim" is inapplicable to this removal.

"1.  Labo is a defendant because it is required by Nevada law"

My Complaint filed in the state court was clearly and obviously made according to

Nevada's declaratory Uniform Declaratory Judgments Act. Part of that is NRS 30.130:
> "**When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration**, and no declaration shall prejudice the rights of persons not parties to the proceeding."

Because Defendant Labo may claim an "interest which would be affected by the declaration," such as her sales commission, she is a party.[6]

Defendants' footnotes 8 and 9 cited "*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (noting that a fraudulently joined defendant will not defeat removal jurisdiction based upon diversity))" and "*McCabe v. General Foods Corp.*, 811 F.2d 1336 (9th Cir. 03/05/1987)." Because neither were in the context of Nevada's declaratory law, their relevance here may be limited. I would note Defendants neglected to include this vital bit from *McCabe* at 1339:
> "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, **and the failure is obvious according to the settled rules of the state**, the joinder of the resident defendant is fraudulent. *Moore's Federal Practice* (1986) ¶ 0.161[2]."

---

See also *Crowley v. Duffrin*, 109 Nev. 597, 602, 855 P.2d 536 (1993): "The parties to a declaratory relief action are specified by NRS 30.130 as follows: When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. . ."

Obviously "the failure" is required by state law and is far from "obvious." Defendants must fail on this point.

"2. Either this court has jurisdiction or it does not, and Labo cannot cure being a non-diverse defendant simply by "consenting"

I have referred to the operative statute above and highlighted its mandate. This court must construe 28 U.S.C.A. § 1441(b)(2) this statute by looking at its plain language. More, removal jurisdiction is statutory and strictly construed.[7] However, we see no reason to twist ordinary language usage and rules of grammar in order to preclude removal.

Defendants cited no authority whatsoever to support their proposition this statute's mandate may be overcome by a non-diverse defendant's consent. I urge the court to disregard that point according to the statute.

"3. Labo was far more than "simply . . . the real estate agent listed as the contact person for sales inquiries regarding the Property"

Defendant Wells Fargo was either misinformed or misrepresents the truth of Defendant Labo's involvement, who has admitted on the record she placed the lockbox on my property as part of the eviction process.[8]

"4. Dismissal for "failure to state a claim" is inapplicable to this removal"

As for "failure to state a claim," again, my complaint was brought under Nevada's

Uniform Declaratory Judgments Act. Part of that is NRS 30.100:

> "**Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper.** The application therefor shall be by petition to a court having jurisdiction to grant relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

---

*Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986)
*See* docket #14, Motion to Dismiss, page 4, lines 12-14

Our Supreme Court commented on this issue in *Southern Nevada Homebuilders*

*Association v. City of North Las Vegas*, 112 Nev. 297, 913 P.2d 1276 (1996):

> "The City next contends that the district court erroneously entered the injunction, since no prayer for such relief was made in SNHBA's initial complaint. However, **it is not necessary that such a prayer for injunctive relief be included in the initial complaint, since NRS 30.100 specifically allows supplemental relief based upon a declaratory judgment. . . . . . the City cites no authority for such a meaningless distinction within the context and purpose of NRS 30.100.** The statute allows supplemental relief based upon a declaratory judgment "whenever necessary," and relief from the previously declared invalid Ordinance was necessary and proper, whether in the form of a petition or a motion. This court has never hesitated to look to the substance of the relief sought, rather than the label attached to it."

*IN CONCLUSION*, Defendants' Petition for Removal fails as a matter of law and is not made on an objectively reasonable basis for removal. § 1441(b)(2) unambiguously precludes removal jurisdiction on the basis of diversity where a defendant is a citizen of the State in which the action was brought.[9]   Defendants' removal must fail.

## REQUEST FOR RELIEF

This court's order according to 28 U.S.C.A. § 1447(c) remanding this case to the state court from which it was removed.

I expressly reserve the right to amend or supplement this Motion if I believe it is needed, and to move the court for sanctions against the removing parties at the appropriate time.  I also reserve my right to have the court construe this Motion according to FRCP 1 and 8(e) and applicable law.

CERTIFICATE OF SERVICE:  I certify that on this date I did serve a true copy of this Motion on each Defendant's attorney of record by mail.

---

See *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006): "[section] **1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state**"

Page 5 - MOTION TO REMAND

*Submitted with all rights reserved on October* 9th , *2012*

Dimitriza Toromanova, Plaintiff