DAVID J. MERRILL
Nevada Bar No. 6060
MORGAN F. SHAH
Nevada Bar No. 12490
DAVID J. MERRILL, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada  89145
Telephone: (702) 566-1935
Facsimile: (702) 993-8841
E-mail: david@djmerrillpc.com
Attorneys for WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA TOROMANOVA, an Individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, FSB; NATIONAL DEFAULT SERVICING CORP; TIFFANY K. LABO,<br><br>　　　　　　Defendants. | Case No.: 2:12-cv-01637-LRH-(CWH) |

**WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

**I.  INTRODUCTION**

For nearly two years now, Wells Fargo and NDSC have endured *four* separate legal actions brought by Toromanova.  Each of Toromanova's first three complaints originated with this Court or were removed to this Court based on diversity jurisdiction.  In her most recent complaint, however, Toromanova attempts to thwart Wells Fargo's ability to remove this case to federal court by joining Wells Fargo's listing agent for the subject property, Tiffany K. Labo ("Labo").  Yet, as set forth in the Petition for Removal and in Labo's Motion to Dismiss, Toromanova fails to state a claim against Labo and Labo is fraudulently joined in this action. Labo is only connected to the property to the extent that she serves as Wells Fargo's real estate agent for the property and, as such, placed a lock-box on the property to allow realtors to show

1

the property to prospective buyers after Toromanova's eviction. Labo does not assert any ownership interest in the property, nor does she have any other legally protectable interest in the outcome of this case. Accordingly, the Court may ignore Labo's citizenship for diversity purposes, and Wells Fargo respectfully requests that the Court deny Toromanova's Motion to Remand.

## II. STATEMENT OF FACTS

The property involved in this action is located at 2912 Hot Cider Avenue, North Las Vegas, Nevada 89031 (the "Property"). In March 2006, Toromanova executed an Adjustable Rate Mortgage Note Pick-A-Payment Loan (the "Note") and Deed of Trust in favor of World Savings Bank, FSB ("World Savings") for $288,000.[1] The lender and beneficiary of the Deed of Trust was World Savings.[2]

On or about December 31, 2007, World Savings changed its name to Wachovia Mortgage, FSB ("Wachovia Mortgage").[3] Effective November 1, 2009, Wachovia Mortgage merged into Wells Fargo Bank, N.A. and is now known as Wachovia Mortgage, a Division of Wells Fargo Bank, N.A.[4] Wachovia Mortgage (and its predecessor, World Savings) was a federal savings bank regulated by the Office of Thrift Supervision ("OTS").[5]

---

[1] *See* Note, attached to Wells Fargo's Mot. to Dismiss (the "Wells MTD") as Exhibit 1 (Doc. 10-1); Deed of Trust, attached to the Wells MTD as Exhibit 2 (Doc. 10-2).

[2] *See* Deed of Trust at 1.

[3] *See* Federal Deposit Insurance Corporation notice and history of World Savings Bank's name change to Wachovia Mortgage, attached to the Wells MTD as Exhibit 3 (Doc. 10-3). Wells Fargo respectfully requests that the Court take judicial notice of the notice and history of World Savings Bank's name change to Wachovia Mortgage, as it is a "document reflecting official acts of the executive branch of the United States and that they are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence." *Gonzalez v. Wells Fargo Bank, FSB*, No. C11-00247, 2011 WL 1877219, at *1 n.2 (N.D.Cal. May 17, 2011).

[4] *See* Official Certification of the Comptroller of the Currency regarding merger, attached to the Wells MTD as Exhibit 4 (Doc. 10-4). Wells Fargo respectfully requests that the Court take judicial notice of the Official Certificate of the Comptroller of the Currency as it is a "document reflecting official acts of the executive branch of the United States and that they are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence." *Gonzalez v. Wells Fargo Bank, FSB*, No. C11-00247, 2011 WL 1877219, at *1 n.2.

[5] *See* Charter of Wachovia Mortgage, attached to the Wells MTD as Exhibit 5 (Doc. 10-5). Wells Fargo respectfully requests that the Court take judicial notice of the Charter of Wachovia Mortgage as it is a "document reflecting official acts of the executive branch of the United States and that they are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence." *Gonzalez v. Wells Fargo Bank, FSB*, No. C11-00247, 2011 WL 1877219, at *1 n.2.

1    On August 27, 2010, a Notice of Default and Election to Sell Under Deed of Trustee (the "Notice of Default") was recorded.[6] At that time, Toromanova was $25,840.85 in arrears.[7] Toromanova failed to cure the default and did not elect to participate in the Nevada Foreclosure Mediation Program.[8] Consequently, a Notice of Trustee's Sale was recorded on January 26, 2011,[9] and the trustee's sale was scheduled to take place on February 16, 2011.[10]

After Wells Fargo recorded the Notice of Default, however, Toromanova took action to delay the foreclosure. First, on November 24, 2010, Toromanova filed a Chapter 7 voluntary bankruptcy petition.[11] Then, on December 17, 2010, Toromanova filed a motion to voluntarily dismiss her bankruptcy case[12] and filed a complaint with this Court against Wells Fargo and others concerning the Property (the "First Complaint").[13] In addition, Toromanova recorded a Notice of Lis Pendens on February 14, 2011.[14] Yet, neither the First Complaint, nor any one of Toromanova's many other filings, contained a comprehensible claim for relief.[15] Accordingly,

---

[6] *See* Notice of Default, attached to the Wells MTD as Exhibit 6 (Doc. 10-6). Wells Fargo respectfully requests that this Court take judicial notice of documents recorded on the Property, as they are matters of public record. *See United States v. 14.02 Acres of Land,* 547 F.3d 943, 955 (9th Cir. 2008) (the court "may take judicial notice of matters of public record") (citations and internal quotation marks omitted); *Valasquez v. Mortg. Elec. Registration Sys., Inc.,* 2008 WL 4938162 at *2-3 (N.D. Cal. Nov. 17, 2008) (taking judicial notice of Deed of Trust, Assignment of Deed of Trust, Notice of Default and Election to Sell, Substitution of Trustee, and Rescission of Notice of Default because they were publicly recorded).

[7] *Id.*

[8] *See* Mediation Certificate, attached to the Wells MTD as Exhibit 7 (Doc. 10-7).

[9] *See* Notice of Trustee's Sale (Jan. 26, 2011), attached to the Wells MTD as Exhibit 8 (Doc. 10-8).

[10] *Id.*

[11] *See* Bankruptcy Court Docket for Case No. 10-32163-BAM, attached to the Wells MTD as Exhibit 9 (Doc. 10-9).

[12] *Id.*

[13] *See* First Complaint, attached to the Wells MTD as Exhibit 10 (Doc. 10-10).

[14] *See* Notice of Lis Pendens, attached to the Wells MTD as Exhibit 11 (Doc. 10-11). Over the course of the past two years, Toromanova also recorded numerous documents on the Property purporting to convey the Property to herself and others, and asserting an interest in the Property even after Wells Fargo foreclosed. *See* List of Recorded Documents, attached hereto as Exhibit 20; *see also, e.g.,* Affidavit of Dimitritza Toromanova (Jun. 8, 2012), Affidavit of Interest (Jun. 8, 2012), and Quitclaim Deed (Feb. 7, 2012), attached to the Wells MTD as Exhibit 30 (Doc. 10-30).

[15] *See generally* First Complaint; *see also* various documents filed in Case No. 2:10-cv-02193-PMP-(GWF), attached to the Wells MTD as Exhibit 12 (Doc. 10-12).

3

upon Wells Fargo's motion, the Court dismissed Toromanova's complaint and released the *lis pendens* in an order dated August 17, 2011.[16] Further, at the Court's direction, the Clerk of the Court entered judgment in Wells Fargo's favor.[17]

As a result, another Notice of Trustee's Sale was recorded on September 1, 2011, and a sale was scheduled for October 3, 2011.[18] A Trustee's Deed Upon Sale was recorded on October 11, 2011.[19]

Despite the order from this Court dismissing her case and the subsequent foreclosure sale of the Property, Toromanova refused to vacate the Property, and Wells Fargo was required to institute an action in the North Las Vegas Justice Court (the "Justice Court") to gain possession.[20] On February 6, 2012, the Justice Court entered a Temporary Writ of Restitution directing the Sheriff or Constable to evict Toromanova and all other occupants from the Property.[21] Toromanova appealed the Justice Court's decision to the Eighth Judicial District Court[22] and filed various other documents in an attempt to stop the eviction.[23] However, Toromanova's efforts were unsuccessful.[24]

Undeterred by this Court's dismissal of the First Complaint, Toromanova went on to file

---

[16] *See* Order (Aug. 17, 2011), attached to the Wells MTD as Exhibit 13 (Doc. 10-13).

[17] *See* Judgment in a Civil Case, attached to the Wells MTD as Exhibit 14 (Doc. 10-13).

[18] *See* Notice of Trustee's Sale (Sep. 1, 2011), attached to the Wells MTD as Exhibit 15 (Doc. 10-13).

[19] *See* Trustee's Deed Upon Sale, attached to the Wells MTD as Exhibit 16 (Doc. 10-16).

[20] *See* Complaint for Unlawful Detainer, attached to the Wells MTD as Exhibit 17 (Doc. 10-17).

[21] *See* Temporary Writ of Restitution, attached to the Wells MTD as Exhibit 18 (Doc. 10-17).

[22] *See* Court Docket for Case No. A-12-657343-A (the "Appeal Docket"), attached to the Wells MTD as Exhibit 22 (Doc. 10-22).

[23] *See, e.g.,* Emergency Motion Under NRAP 27(E) Emergency Petition for Extraordinary Writ Relief, attached to the Wells MTD as Exhibit 25 (Doc. 10-25); Appeal Docket, attached to the Wells MTD as Exhibit 22 (Doc. 10-22); Court Docket for Case No. 2:12-cv-00328-GMN-(CWH), attached to the Wells MTD as Exhibit 23 (Doc. 10-23).

[24] *See* Order Denying Petition for Extraordinary Writ Relief, attached to the Wells MTD as Exhibit 26 (Doc. 26); Minutes of the Court dated August 1, 2012, attached to the Wells MTD as Exhibit 27 (Doc. 10-27); Order (Jun. 25, 2012), attached to the Wells MTD as Exhibit 28 (Doc. 10-28).

another complaint, this time in state court, on February 10, 2012 (the "Second Complaint") and recorded another *lis pendens* on the Property.[25]  On June 25, 2012 this Court entered an order granting Wells Fargo's Motion to Dismiss, concluding that *res judicata* barred Toromanova's claims against Wells Fargo.[26]  The Court further dismissed with prejudice Toromanova's first and second causes of action as against all defendants, but granted Toromanova leave to amend her third and fourth causes of action against NDSC.[27]  The Court did not permit Toromanova to assert new claims against Wells Fargo.[28]

No worse for wear, on July 18, 2012, Toromanova filed an amended complaint that purports to add defendants and again attempts to plead numerous claims against Wells Fargo (the "Third Complaint").[29]  However, as this Court previously concluded, *res judicata* bars Toromanova's claims, and Toromanova still fails to state a claim upon which relief can be granted.  Consequently, Wells Fargo filed a motion to dismiss Toromanova's Third Complaint, which is still pending before this Court.[30]

After receiving an extension of time to respond to Wells Fargo's motion to dismiss her Third Complaint, Toromanova chose to file yet another complaint concerning the Property in state court on August 27, 2012 (the "Fourth Complaint"),[31] which Wells Fargo removed to this Court on September 18, 2012.[32]  In addition, Toromanova recorded yet another *lis pendens* on the Property.[33]  Yet, true to form, Toromanova's Fourth Complaint fails to state a claim upon

---

[25]  *See generally* Second Complaint, attached to the Wells MTD as Exhibit 19 (Doc. 10-19); *see also* List of Recorded Documents, 2, attached to the Wells MTD as Exhibit 20 (Doc. 10-20).

[26]  *See* Order (Jun. 25, 2012), attached to the Wells MTD as Exhibit 28 (Doc. 10-28).

[27]  *Id.*

[28]  *Id.*

[29]  *See* Third Complaint, attached to the Wells MTD as Exhibit 29 (Doc. 10-29).

[30]  *See* Court Docket for Case No. 2:12-cv-00328-GMN-(CWH).

[31]  *See* Fourth Complaint (Doc. 1-1).

[32]  *See generally* Petition for Removal (Doc. 1).

[33]  *See* Notice of Pendency of Action (Aug. 27, 2012), attached to the Petition for Removal as Exhibit B (Doc. 1-3).

5

which relief can be granted. In particular, the Fourth Complaint names Wells Fargo, NDSC, and the listing agent for the Property, Tiffany K. Labo ("Labo"), as defendants, and, without providing any factual basis, requests an order declaring Toromanova the owner of the Property. As a result, Wells Fargo filed a Motion to Dismiss and to Expunge Lis Pendens and Motion for Order Declaring Plaintiff a Vexatious Litigant on September 25, 2012 (Docs. 10, 11, and 12). Likewise, NDSC filed a Motion to Dismiss on September 25, 2012 (Doc. 8), and Labo filed a Motion to Dismiss on October 1, 2012 (Doc. 14).

Rather than respond to the defendants' motions to dismiss her meritless claims, Toromanova chose to file the instant Motion to Remand (the "Motion") and to unilaterally grant herself an indefinite extension of time. In the Motion, Toromanova claims this case should be remanded to state court because Labo is a citizen of Nevada, thereby defeating this Court's ability to exercise diversity jurisdiction. However, as set forth in the Petition for Removal and in Labo's Motion to Dismiss, Toromanova fails to state a cognizable claim for relief against Labo, and the Court should ignore her citizenship for diversity purposes. Accordingly, Wells Fargo respectfully requests that the Court deny the Motion.

### III. ARGUMENT

**A.      This Court has diversity jurisdiction over this case.**

This Court has jurisdiction over this action under 28 U.S.C. §1332, as the citizenship of the parties is entirely diverse and the amount in controversy exceeds $75,000. In particular, neither Wells Fargo nor NDSC is a citizen of Nevada,[34] and the Property, which is the subject of this action, sold for $105,071.00 at the trustee's sale held in October 2011.[35] Toromanova does not dispute that Wells Fargo and NDSC are not citizens of Nevada, nor does she dispute that the amount in controversy exceeds $75,000.[36] Instead, Toromanova relies completely on Labo's

---

[34] Wells Fargo is a citizen of South Dakota for purposes of diversity jurisdiction. *See DeLeon v. Wells Fargo Bank, N.A.,* 729 F. Supp. 2d 1119, 1124 (N.D. Cal. 2010); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010); *see also* FDIC Profile and Articles of Association for Wells Fargo Bank, N.A., attached to the Petition as Exhibit C (Doc. 1-4). Upon information and belief, NDSC is a citizen of Arizona. *See* Business Entity Detail from the Arizona Secretary of State concerning NDSC, attached to the Petition as Exhibit D (Doc. 1-5).

[35] *See* Trustee's Deed Upon Sale, attached to the Petition as Exhibit H (Doc 1-9).

[36] *See generally* Mot.

1  status as a Nevada resident to vitiate this Court's jurisdiction.[37]  However, as set forth in Wells
2  Fargo's Petition for Removal, Labo is fraudulently joined in this action, and her citizenship has
3  no effect whatsoever on this Court's ability to hear this case.
4      "A civil case . . . presenting a controversy between citizens of different states and
5  involving the requisite jurisdictional amount is one which may be removed from a state court
6  into the District Court of the United States by the defendant, if not a resident of the state in which
7  the case is brought, and this right of removal cannot be defeated by a fraudulent joinder of a
8  resident defendant having no real connection with the controversy."[38] "Joinder of a non-diverse
9  defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for
10 purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident
11 defendant, and the failure is obvious according to the settled rules of the state."[39]  Where there is
12 a question as to whether a non-diverse defendant was fraudulently joined, the Court is not limited
13 to a review of the pleadings, and the defendant seeking removal is entitled to present evidence
14 showing the joinder to be fraudulent.[40]
15     Here, Toromanova fails to state a claim against Labo under established Nevada law.
16 Specifically, Toromanova seeks an order declaring her the owner of the Property, free of all
17 claims or encumbrances, under the Uniform Declaratory Judgments Act.[41]  Accordingly,
18 assuming for the sake of argument that the Fourth Complaint adequately states a claim for
19 declaratory relief as to any defendant, only parties claiming an interest in the Property adverse to

---

[37]   *Id.*

[38]   *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *see also* 28 U.S.C. § 1332.

[39]   *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (internal quotation marks omitted); *see also Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2009).

[40]   *Id.*; *see also Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) ("[F]raudulent joinder claims can be resolved by piercing the pleadings and considering summary judgment-type evidence such as affidavits and deposition testimony." (internal quotation marks and citations omitted)); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("The defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory" (quoting *McCabe v. General Foods Corp.*, 811 F.2d at 1339)).

[41]   *See generally* Fourth Compl., attached to the Petition as Exhibit A (Doc. 1-1).

Toromanova are necessarily joined in the action.[42] Toromanova argues in the Motion that Labo is a necessary party to the action because a judgment awarding ownership of the Property to Toromanova would effect Labo's interests, insofar as a judgment returning the Property to Toromanova would divest Labo of her ostensible interest in a commission on the future sale of the Property to a third party.[43] However, Labo's interest in a possible commission is not a legally protectable one. In particular, "in Nevada, before a real estate agent is entitled to a commission, the real estate agent must prove (1) that an employment contract existed and (2) that he or she is the procuring cause of the sale."[44] Here, there has been no sale, and, therefore, Labo is not entitled to any commission.[45] Moreover, even if Labo had a legally protectable interest in a future sales commission, Labo's interest in a commission does not translate to an ownership interest in the Property itself. Indeed, as set forth in Labo's Motion to Dismiss, Labo does not assert any interest in the Property, and Labo affirmatively states that she is only connected to the Property in her capacity as a real estate agent.[46] Accordingly, Toromanova fails to state a claim for relief against Labo under Nevada law, and the Court should ignore Labo's citizenship for purposes of diversity jurisdiction.[47] Because no other party is a citizen of Nevada and the amount in controversy exceeds $75,000, the Court should deny the Motion and retain jurisdiction over this case.[48]

---

[42] *See* Nev. R. Civ. P. 19; Fed. R. Civ. P. 19; N.R.S. § 30.130.

[43] *See* Mot. at 3.

[44] *See Binder v. Levy Realty Co.*, 106 Nev. 221, 224-25, 790 P.2d 497, 499 (1990) (quoting *Morrow v. Barger,* 103 Nev. 247, 250, 737 P.2d 1153, 1154 (1987); *Shell oil Company v. Ed Hoppe Realty, Inc.*, 91 Nev. 576, 580, 540 P.2d 107, 109-110 (1975)) (internal quotation marks omitted).

[45] *Id.*

[46] *See generally* Def. Tiffany K. Labo's Mot. to Dismiss (Doc. 14).

[47] *See Morris v. Princess Cruises, Inc.*, 236 F.3d at 1067; *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d at 1206.

[48] *See* 28 U.S.C. § 1332.

8

### IV.  CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court deny the Motion and retain jurisdiction over this case.

DATED this 26th day of October 2012.

                            DAVID J. MERRILL, P.C.

By: *David J. Merrill* (signature)
DAVID J. MERRILL
MORGAN F. SHAH
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935
Attorneys for WELLS FARGO BANK, N.A.

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 26th day of October 2012, service of the foregoing Opposition to Plaintiff's Motion to Remand was made to all counsel in the action through the Court's CM/ECF system. In addition, service was made by placing a copy in the United States Mail, postage prepaid and addressed to the following at their last known addresses:

> Dimitritza Toromanova
> Post Office Box 19153
> Las Vegas, Nevada  89132

_____
An employee of David J. Merrill, P.C.