Dimitritza Toromanova, Plaintiff
PO Box 19153
Las Vegas, NV 89132
(702) 467-7962

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Dimitritza Toromanova,

          Plaintiff,

v.

WELLS FARGO BANK, N.A., *et al.*,

          Defendants.

Case No.: 2:12-cv-01637-LRH-CWH

PLAINTIFF'S REPLY TO OPPOSITIONS

I received my service copy of "WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND" and "TIFFANY K. LABO'S JOINDER TO WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND."[1] I see Defendant NDSC has not filed or served any opposition. I also see the court has allowed until November 5th for me to file and serve this Reply.[2]

I have moved the court to remand based on the fact Labo is a non-diverse

---

[1] *See Docket ##*20, 21. Labo's Joinder expressly "adopts the arguments and grounds as stated in the Points and Authorities filed on October 26, 2012."

[2] Docket #20

Page 1 - PLAINTIFF'S REPLY TO OPPOSITIONS

defendant. As I explained there, this court's jurisdiction in this matter is defeated.[3] That motion was based on 28 U.S.C.A. § 1447(c) and § 1441(b). I explained in my motion for remand what each statute meant to this case, and their mandatory nature. Both statutes are unambiguous and this court must assume they mean what they say.[4] Yet neither Defendant bothered to mention either statute even once, let alone brief this court on why they should be disregarded. Instead it appears Defendants merely copied and pasted the bulk of their points and authorities from their motion to dismiss into this opposition to the point even their footnotes 1-22 numbering is the same.

I again submit because Defendant Labo is a Nevada resident federal law clearly states this court lacks the required jurisdiction to entertain removal and must remand.

I reserve the right to amend or supplement this Reply if I believe it is needed. I also reserve the right to move this court for sanctions against Defendants and their attorneys at the appropriate time.

*[signature]*
*Nov 5, 2012*
Plaintiff, Dimitritza Toromanova

---

[3]  Docket #17

[4]  *Connecticut National Bank v. Germain*, 503 U.S. 249, 253-54 (1992): "courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then . . . 'judicial inquiry is complete.'"

Page 2 - PLAINTIFF'S REPLY TO OPPOSITIONS

CERTIFICATE OF SERVICE: I certify that on this date I did serve a true copy of this Reply on each Defendant's attorney of record by mail.

_____

Submitted with all rights reserved on November 5th , 2012

*signature*
Dimitriza Toromanova, Plaintiff

Page 3 - PLAINTIFF'S REPLY TO OPPOSITIONS