DAVID J. MERRILL
Nevada Bar No. 6060
MORGAN F. SHAH
Nevada Bar No. 12490
DAVID J. MERRILL, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada  89145
Telephone: (702) 566-1935
Facsimile: (702) 993-8841
E-mail: david@djmerrillpc.com
E-mail: morgan@djmerrillpc.com
Attorneys for WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA TOROMANOVA, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, FSB; NATIONAL DEFAULT SERVICING CORP; and TIFFANY K. LABO, <br><br> Defendants. | Case No.:    2:12-cv-01637-LRH-(CWH) |

**WELLS FARGO BANK, N.A.'S RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE'S ORDERS**

**I. INTRODUCTION**

With another case pending against Wells Fargo Bank, N.A. ("Wells Fargo") and National Default Servicing Corporation ("NDSC") before this Court on identical claims, the plaintiff, Dimitritza Toromanova ("Toromanova"), filed the Complaint initiating this action in state court on August 27, 2012, in which she named Wells Fargo, NDSC, and Tiffany K. Labo ("Labo") as defendants.  (Doc. #1-1).  On September 18, 2012, Wells Fargo removed the case to this court through its Petition for Removal (Doc. #1).  Wells Fargo then responded to the Complaint by filing a Motion to Dismiss and to Expunge Lis Pendens, and Motion for Order Declaring

1

Plaintiff a Vexatious Litigant (Docs. #10, #11, and #12) (the "Wells Motion") on September 25, 2012. Likewise, NDSC and Labo each responded to the Complaint by filing motions to dismiss on September 25, 2012 and October 1, 2012 respectively. (Docs. #8 and #14).

Toromanova had up to and including October 10, 2012, to file responses to the Wells Motion and NDSC motion. *See* LR 7-2(b). However, Toromanova did not file a response to either motion. Instead, on October 10, 2012, Toromanova filed a Motion to Remand. (Doc. #17). In addition, on October 18, 2012, Toromanova filed a one-page "opposition" to Labo's motion (Doc. #19) in which she flatly asserts that this Court does not have jurisdiction over this matter. On October 26, 2012, Wells Fargo filed its Opposition to Motion Remand (Doc. #20), which Labo joined (Doc. #21). Toromanova filed her reply on November 5, 2012. (Doc. #23). Accordingly, Toromanova's Motion to Remand is fully briefed and ready for decision. In addition, because Toromanova failed to file points and authorities in response to Wells Motion, NDSC's motion to dismiss, or Labo's motion to dismiss, the Court may treat those motions as unopposed. *See* LR 7-2(d).

On November 1, 2012, Wells Fargo filed a Joint Status Report approved by all parties. (Doc. #22). Yet, on November 13, 2012 Toromanova filed a Notice of Signature Rescission and Annulment (Doc. #24) purporting to retract her signature.

Because there are three dispositive motions and a motion to remand pending before this Court, Wells Fargo filed a Motion for Extension of Time to File Stipulated Discovery Plan and Scheduling Order (the "Motion") (Doc. #25), which NDSC and Labo joined (Docs. #29 and #15), in which Wells Fargo asked the Court to postpone discovery until such time as the Court rules upon the motions. As grounds for its request, Wells Fargo submitted to the Court that Toromanova fails to state a claim upon which relief can be granted, as this Court has twice dismissed her claims in two separate actions, and Toromanova failed to file points and authorities in opposition to the Defendants' motions.[1] The Court found the Motion meritorious and entered an Order granting the Motion as to all defendants on November 30, 2012 (the "Order") (Doc. #31).

---

[1] *See* Mot. at ¶¶ 5-8.

1  That same day, Toromanova filed the instant Objection to Magistrate's Orders (the "Objection") (Doc. #32), in which she raises several arguments against the Order.  Specifically, Toromanova argues: (1) that Magistrate Judge Hoffman had no authority to rule on the Motion; (2) that even if the Magistrate Judge had authority, he erred by staying discovery; and (3) that the Court could not rule upon the Motion without first deciding Toromanova's Motion to Remand.  Toromanova's arguments lack merit.

First, the Federal Rules of Civil Procedure, the Local Rules, and the United States Code all provide Magistrate Judge Hoffman with authority to decide a pretrial motion seeking a stay of discovery.  Second, because Toromanova failed to file an opposition to Wells Fargo's motion to dismiss—and because this Court has twice dismissed Toromanova's claims in other actions—Magistrate Judge Hoffman's decision staying discovery cannot be clearly erroneous.  Third, contrary to Toromanova's contention, this Court could properly rule upon a motion seeking a stay of discovery before it decides Toromanova's Motion to Remand.  Accordingly, Wells Fargo respectfully requests that the Court deny the Objection and affirm the Order in its entirety.

## II. ARGUMENT

In her Objection, Toromanova asserts that Magistrate Judge Hoffman lacked authority to rule on the Motion, as the parties to this action did not consent to have the matter heard by a magistrate judge.[2]  However, regardless of the parties' consent, "[a] magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)."[3]  28 U.S.C. § 636(b)(1)(A) provides that a magistrate judge may "hear and determine any pretrial matter pending before the court, except for a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."  Here, the Motion requested an extension of time to file a stipulated discovery plan and scheduling order, which does not fall within any of

---

[2]  *See* Objection at 2.

[3]  *See* LR IB 1-3; *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

3

1  the exceptions set forth in 28 U.S.C. § 636(b)(1)(A). Therefore, Magistrate Judge Hoffman
2  acted squarely within the scope of authority conferred on him by rule and by statute.[4]
3       Moreover, as set forth in the Motion, the Court may stay discovery pending a decision on
4  a dispositive motion if the Court is convinced the plaintiff cannot state a claim for relief.[5]
5  Magistrate Judge Hoffman found that Defendants met "the heavy burden of making a strong
6  showing why discovery should be denied," as Toromanova failed to file a response to Wells
7  Fargo's Motion to Dismiss, Motion to Expunge Lis Pendens, and Motion to Declare Plaintiff a
8  Vexatious Litigant (Docs. #10, 11, and 12).[6] Therefore, the Order is not clearly erroneous and
9  the Court should deny the Objection.
10       Finally, Toromanova argues that this Court could not rule on the Motion without first
11  deciding her Motion to Remand, and that the Order goes against the mandate set forth in Fed. R.
12  Civ. P. 1 to construe the Rules in a manner to "secure the just, speedy, and inexpensive
13  determination of every action." Yet, Toromanova fails to provide any authority for the
14  proposition that her Motion to Remand bars this Court from taking any action with respect to this
15  case, or to explain how proceeding with discovery while three motions to dismiss and a motion
16  to remand are pending would be more expedient. Although the Court will have to rule on the
17  Motion to Remand before ruling on the Defendants' dispositive motions,[7] the Court has the
18  inherent power to manage the cases on its docket and to enter pretrial orders.[8] Because the Court
19  will likely deny the Motion to Remand and grant Wells Fargo's Motion to Dismiss, Wells Fargo
20  asked the Court to postpone discovery until the Court rules on the pending motions. Indeed,
21  while she is loath to admit it, Toromanova benefits from the Order just as the Defendants do, as
22  the Order spares Toromanova from proceeding with discovery before the Court makes a
23  determination with respect to its jurisdiction.

---

[4] *Id.*

[5] *See* Mot. at ¶ 4 (citing *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nev. 1997); *Twin City Fire Ins. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)).

[6] *See* Order at 1:25-2:4.

[7] *See County of Nassau v. New York,* 724 F.Supp.2d 295, 300 (E.D.N.Y 2010).

[8] *See, e.g., U.S. v. W.R. Grace*, 526 F.3d 499, 508-509 (9th Cir. 2008).

4

### III.  CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court uphold the Order and rule upon the Wells Motion.

DATED this 14th day of December 2012.

                                  DAVID J. MERRILL, P.C.

By: _____
DAVID J. MERRILL
MORGAN F. SHAH
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935
Attorneys for WELLS FARGO BANK, N.A.

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 14th day of December 2012, service of the foregoing Wells Fargo Bank, N.A's Response to Plaintiff's Objection to Magistrate's Orders was made to all counsel in the action through the Court's CM/ECF system. In addition, service was made by placing a copy in the United States Mail, postage prepaid and addressed to the following at their last known addresses:

>Dimitritza Toromanova
>Post Office Box 19153
>Las Vegas, Nevada  89132

_____
An employee of David J. Merrill, P.C.