UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DIMITRITZA TOROMANOVA, | |
| Plaintiff, | 2:12-cv-1637-LRH-CWH |
| v. | |
| WELLS FARGO BANK, N.A.; et al., | ORDER |
| Defendants. | |

Before the court is plaintiff Dimitritza Toromanova's ("Toromanova") motion to remand. Doc. #17.[1]

## I. Facts and Procedural History

Plaintiff Toromanova filed a complaint in state court against defendants for wrongful foreclosure. *See* Doc. #1, Exhibit A. Defendants removed the action to federal court on the basis of diversity jurisdiction. Doc. #1. Thereafter, Toromanova filed the present motion to remand. Doc. #17.

## II. Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

---

[1] Refers to the court's docket entry number.

place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

### III. Discussion

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). Here, defendants argue that there is complete diversity between the parties because non-diverse defendant Tiffany K. Labo ("Labo") is a fraudulently joined defendant whose Nevada citizenship cannot be used to defeat the exercise of diversity jurisdiction.

A fraudulently joined defendant does not "defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder "occurs when a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey*, 139 F.3d at 1318; *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416, 1426-27 (9th Cir. 1989); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 247 (E.D. Cal. 1992). In determining whether a cause of action is stated against a non-diverse defendant, courts look only to a plaintiff's pleadings. *Gardner v. UICI*, 508 F.3d 559, 561 n.3 (9th Cir. 2007).

///

Nevada is a notice-pleading jurisdiction which liberally construes pleadings. *Chavez v. Robberson Steel Co.*, 584 P.2d 159, 160 (Nev. 1978). The allegations of a complaint are sufficient to assert a claim for relief when the allegations "give fair notice of the nature and basis" for a claim. *Vacation Village, Inc. v. Hitachi Am., Ltd.*, 874 P.2d 744, 746 (Nev. 1994).

In her complaint, Toromanova seeks a declaration that she owns the underlying property free and clear of any defendants' interest. Toromanova's sole allegation against defendant Labo is that she is the real estate listing agent for the property contracted by Wells Fargo to place a lockbox on the property and show the property to prospective buyers. Toromanova does not seek any claims for relief or any remedies against Labo except for a declaration that Labo has no interest in the property. It is undisputed that Labo, as defendants' listing agent, does not have any ownership interest in the property, nor does Labo assert such an interest. *See* Doc. #21. As such, a declaration of property ownership does not affect Labo in any way. Thus, Labo is not a proper defendant in this action. Therefore, based on the allegations in the complaint, the court finds that non-diverse defendant Labo is a fraudulently joined defendant whose citizenship does not defeat the exercise of diversity jurisdiction. Accordingly, the court finds that there is complete diversity between the parties and that the exercise of diversity jurisdiction is appropriate.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #17) is DENIED.

IT IS SO ORDERED.

DATED this 6th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE