UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DIMITRITZA TOROMANOVA,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.; et al.,

    Defendants.

2:12-cv-1637-LRH-CWH

ORDER

    Before the court are defendant National Default Servicing Corporation's ("NDSC") motion to dismiss (Doc. #8[1]); defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss (Doc. #10), motion to expunge lis pendens (Doc. #11), and motion to declare plaintiff Dimitritza Toromanova ("Toromanova") a vexatious litigant (Doc. #12); and defendant Tiffany K. Labo's ("Labo") motion to dismiss (Doc. #14). Plaintiff Toromanova did not file an opposition.

    Plaintiff Toromanova filed a complaint in state court against defendants for wrongful foreclosure. *See* Doc. #1, Exhibit A.[2] Defendants removed the action to federal court on the basis of

---

[1] Refers to the court's docket entry number.

[2] The court notes that this is the third action related to the underlying property filed by Toromanova against Wells Fargo. Plaintiff Toromanova has filed the following actions in Federal court against defendant Wells Fargo related to the subject property which have all been dismissed: (1) *Toromanova v. World Savings Bank, FSB; et al*, 2:10-cv-2193-PMP-GWF; and (2) *Toromanova v. Wells Fargo Bank, N.A.; et al*, 2:12-cv-0328-GMN-CWH.

diversity jurisdiction. Doc. #1. Thereafter, defendants filed the present motions to dismiss, which plaintiff Toromanova did not oppose.

While the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), plaintiff's failure to file an opposition, in and of itself, is an insufficient ground for dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing a case, a district court is required to weigh several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic sanctions. *Id*.

Here, these factors weigh in favor of dismissal. The need for the expeditious resolution of cases on the court's docket is strong. Defendants have an interest in resolving this matter in a timely manner. Further, there is a lack of prejudice to plaintiff because she has shown an unwillingness to continue litigating this complaint which weighs in favor of granting the motion. Moreover, the court has reviewed the allegations in the complaint and finds Toromanova's claims to be without merit. Thus, although public policy favors a resolution on the merits, the court finds that dismissal is warranted in light of these other considerations. Therefore, the court shall grant defendants' motions to dismiss and dismiss plaintiff's complaint in its entirety.

///
///
///
///
///
///
///
///
///

1  IT IS THEREFORE ORDERED that defendants' motions to dismiss (Doc. ##8, 10, 14) are GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.

IT IS FURTHER ORDERED that defendant's motion to expunge lis pendens (Doc. #11) is GRANTED. Defendant Wells Fargo Bank, N.A. shall have ten (10) days from entry of this order to prepare an appropriate order expunging lis pendens and submit the same for signature.

IT IS FURTHER ORDERED that defendant's motion to declare plaintiff a vexatious litigant (Doc. #12) is GRANTED. Plaintiff Dimitritza Toromanova is declared a VEXATIOUS LITIGANT and is PERMANENTLY ENJOINED from filing any further actions against defendant Wells Fargo Bank, N.A. relating to the subject property or recording any documents against the subject property without first obtaining leave of Court.

IT IS SO ORDERED.

DATED this 6th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE