Dimitritza Toromanova, Plaintiff
PO Box 19153
Las Vegas, NV 89132
(702) 467-7962

2013 FEB -4 P 2: 34

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| Dimitritza Toromanova, | | Case No.: 2:12-cv-01637-LRH-CWH |
| | Plaintiff, | |
| v. | | PLAINTIFF'S OPPOSITION TO "MOTION TO AMEND ORDER" |
| WELLS FARGO BANK, N.A., *et al.*, | | |
| | Defendants. | *Oral Argument Requested* |

I have received my service copy of Defendant Wells Fargo/Wachovia's "MOTION TO AMEND ORDER."[1] I oppose the motion.

FRCP 60(a) says (with my added emphasis):

> "The court may correct **a clerical mistake or a mistake arising from oversight or omission** whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

This Defendant seems to explain this Rule's application in its motion's page 2 beginning at line 25. Although Defendant's reasoning is not clear, I remind the court it is without subject-matter jurisdiction as I've addressed it in my Motion for Relief filed with this Objection.

Contrary to Defendant's accusation this case is "frivolous or harassing," it has failed to mention a word of its foundation – "I make this complaint primarily under this court's jurisdiction provided by the Uniform Declaratory Judgments Act and this court's inherent power to entertain an independent action for fraud upon the court."[2]

---

1 *See* Docket #39
2 *See* PACER @ Case 2:12-cv-01637 Document 1-2 Filed 09/18/12 Page 2 of 11,

Page 1 - OPPOSITION TO "MOTION TO AMEND ORDER"

The Nevada Supreme Court has explained I am allowed to open the door by filing a case under the kind of independent action authorized by NRCP 60(b)'s Savings Clause.[3] My complaint sought to focus the court on the actual instruments material to their claims on my property (the Note & Deed of Trust) and who had the actual right to enforce them against me and my property. So far as the merits go, both this court and Defendants have used the wrong legal standard, particularly in light of actual, relevant state authorities.[4] Nowhere in their Opposition do I see anything addressing controlling state authorities like the recent *Pasillas, Leyva,* and *Edelstein* cases from the Nevada Supreme Court.

I expressly reserve the right to amend or supplement this Opposition if I believe it is needed.

CERTIFICATE OF SERVICE: I certify that on this date I did mail a true copy of this Opposition to each Defendant's attorney.

*Submitted with all rights reserved on February 4, 2013*

　　　　　　　　　　　　　　　　　　　　　　　Dimitriza Toromanova, Plaintiff

---

begins at line 5

3 *See generally Bonnell v. Lawrence*, 128 Nev. Adv. Op. No. 37 (8/9/2012), and *NC-DSH, Inc. v. Garner*, 218 P.3d 853 (2009)

4 *See also Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996), which provides how well established it is that "[u]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *See also See Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001): "When interpreting state law, federal courts are bound by decisions of the state's highest court."

Page 2 - OPPOSITION TO "MOTION TO AMEND ORDER"