MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No. 004762
CHRISTOPHER J. RICHARDSON, ESQ.
Nevada Bar No. 009166
OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI
9950 W. Cheyenne Avenue
Las Vegas, NV 89129
702-384-4012
702-383-0701 fax
mstoberski@ocgas.com
crichardson@ocgas.com

Attorneys for Tammy K. Labo

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * * *

| | |
|---|---|
| DIMITRITZA TOROMANOVA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, FSB; NATIONAL DEFAULT SERVICING CORP; TIFFANY K. LABO,<br><br>Defendants. | CASE NO. 2:12-cv-01637-LRH-CWH |

**TIFFANY K. LABO'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM ORDERS AND JUDGMENTS - FRCP 60**

COMES NOW Defendant, TIFFANY K. LABO, by and through its attorneys of record, OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI, and hereby submits her opposition to Plaintiff's Motion for Relief from Orders and Judgments - FRCP 60.

DATED this 21 day of February, 2013.

OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI

/s/ _____
MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No. 004762
CHRISTOPHER J. RICHARDSON, ESQ.
Nevada Bar No. 009166
9950 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorneys for Tammy K. Labo

# POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In no surprising turn of events, the Plaintiff, Dimitritza Toromanova ("Plaintiff") has filed yet another futile motion, even though this Court has previously determined that Plaintiff's claims against the Defendant Tiffany Labo ("Labo") are without merit. Because of the frivolous nature of Plaintiff's Complaint, this Court has already deemed Plaintiff to be a vexatious litigant while also dismissing her Complaint, it its entirety. Nothing contained in the most recently filed Motion for Relief from Order and Judgment warrants a determination that the Court's prior order of dismissal was in error.

## II.

## FACTS

Plaintiff seemingly questions the underlying basis for the Court's determination that her Complaint should be dismissed. Specifically, Plaintiff claims that this Court did not even read her pleadings, but instead summarily dismissed the case. The Plaintiff mischaracterizes the Court's findings in the Order granting the Motion to Dismiss. First, the Plaintiff complains that this Court incorrectly stated in its findings of fact that the Plaintiff had originally filed a Complaint for wrongful foreclosure in Nevada District Court. While the Complaint may not have specifically stated a cause of action for wrongful foreclosure, it is certainly is the heart of this dispute, whereby Plaintiff seeks to be reinstated as the owner of the property. Second, the scant detail supplied in Plaintiff's Complaint did not put Labo on any notice of the claims were being brought against her, as a real estate agent. Plaintiff further alleges that Labo was only included as a Defendant because Nevada law required her to be named as a Defendant. In support, Plaintiff cites to the application of NRS 30.130, which has no application to this case. In response, the Court provided a well reasoned opinion in its Order granting dismissal by stating that Labo was not a proper Defendant and was merely utilized as a pretext to defeat diversity jurisdiction in Federal Court.

///

///

## III.

## LEGAL ARGUMENT

FRCP 60(b) states on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Plaintiff has failed to state a valid reason that would justify relief from the Court's prior Order. In its Order (#35), the Court dismissed Plaintiff's Complaint after careful consideration of the *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) factors. Not only did Plaintiff fail to oppose the Motion to Dismiss, but the Court determined that the allegations in the Complaint warranted dismissal because they failed to state a claim against Labo pursuant to FRCP 12(b)(6).

Plaintiff further claims that by filing a Motion to Remand that she had no obligation to respond to the Motion to Dismiss on behalf of all Defendants. (#41). Clearly, there is no authority cited by Plaintiff in any of her prior motions or in the most recent one to overturn the Court's decision. The Court previously made its determination regarding the Motion to Dismiss after considering Plaintiff's Complaint and her failure to oppose the motion. Plaintiff cannot claim ignorance of the rules simply because she is representing herself. This is especially true in light of the September 26, 2012 Minute Order (#13) that was issued by the Court notifying Plaintiff of the consequences of her failure to oppose the Motion to Dismiss.

Plaintiff claims she included Labo as a defendant because it was required under NRS 30.130. NRS 30.130 states "When declaratory relief is sought, all persons shall be made parties who have or claim any interest, which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding..." As it was pointed out in the underlying Motion to Dismiss, Labo was simply a real estate agent who has no interest in the real property at issue.

Labo was only employed to secure the property following foreclosure. As a result, the Court correctly determined that Labo did not have any interest in the property that would warrant inclusion in the lawsuit under NRS 30.130, nor does Labo assert any such interest. (#34). Because Labo was not a proper defendant, the Court determined that Plaintiff joined a non-diverse defendant Labo whose citizenship does not defeat diversity jurisdiction. Plaintiff's claim that this Court failed to explain why NRS 30.130 "...does not apply" is wholly incorrect. Obviously, Plaintiff's interpretation of NRS 30.130 would place a huge financial burden on real estate agents to routinely defend against lawsuits in which they have no ostensible claim to the real property at issue.

Because Plaintiff cited nothing in her most recent motion to support her claim that the Court improperly granted the Motion to Dismiss, the Court's Order must stand and the relief requested must be denied.

## IV.

## CONCLUSION

For the reasons stated herein, it is respectfully requested that the Court deny Plaintiff's Motion for Relief from Judgment.

DATED this 21 day of February, 2013.

OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI

_____
MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No. 004762
CHRISTOPHER J. RICHARDSON, ESQ.
Nevada Bar No. 009166
9950 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorneys for Tammy K. Labo

## CERTIFICATE OF SERVICE BY ELECTRONIC FILING

I HEREBY CERTIFY that on this 21st day of February, 2013, I sent via e-mail a true and correct copy of the above and foregoing **TIFFANY K. LABO'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM ORDERS AND JUDGMENTS - FRCP 60** on the Clark County E-File Electronic Service List (or, if necessary, by U.S. Mail, first class, postage prepaid), upon the following:

Dimitritza Toromanova
PO Box 19153
Las Vegas, NV 89132
702-467-7962
Pro Se

_____
An Employee of OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI