DAVID J. MERRILL
Nevada Bar No. 6060
MORGAN F. SHAH
Nevada Bar No. 12490
DAVID J. MERRILL, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada  89145
Telephone: (702) 566-1935
Facsimile: (702) 993-8841
E-mail: david@djmerrillpc.com
E-mail: morgan@djmerrillpc.com
Attorneys for WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA TOROMANOVA, an Individual,<br><br>            Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, FSB; NATIONAL DEFAULT SERVICING CORP; and TIFFANY K. LABO,<br><br>            Defendants. | Case No.:   2:12-cv-01637-LRH-(CWH) |

**WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM ORDERS AND JUDGMENTS**

**I. INTRODUCTION**

The plaintiff, Dimitritza Toromanova ("Toromanova"), initiated this action in state court on August 27, 2012 by filing her *fourth* complaint (the "Complaint") against Wells Fargo Bank, N.A. ("Wells Fargo") and National Default Servicing Corporation ("NDSC") concerning property located at 2912 Hot Cider Avenue, North Las Vegas, Nevada (the "Property").  This time, in an apparent attempt to prevent Wells Fargo from removing the case to this Court, Toromanova also named Wells Fargo's real estate agent, Tiffany K. Labo ("Labo"), as a

1

1 defendant. On September 18, 2012, Wells Fargo removed the case to this Court and responded
2 to the Complaint by filing a Motion to Dismiss and to Expunge Lis Pendens, and Motion for
3 Order Declaring Plaintiff a Vexatious Litigant ("Wells Fargo's Motion to Dismiss"). Likewise,
4 NDSC and Labo each responded to the Complaint by filing motions to dismiss.
5       Rather than respond to the defendants' motions, Toromanova filed a Motion to Remand
6 and a one-page "opposition" to Labo's motion to dismiss in which Toromanova flatly asserted
7 that this Court lacked jurisdiction. In both documents, Toromanova purported to reserve the
8 right to file an opposition to the defendants' motions to dismiss in the event the Court denied her
9 Motion to Remand.
10       On November 1, 2012, Wells Fargo filed a Joint Status Report. The Joint Status Report
11 recognized that Toromanova claimed that she need not file responses to the defendants' motions
12 until the Court decided her Motion to Remand, but, without authority providing for the
13 suspension of filing deadlines while a motion to remand is pending, the defendants' argued that
14 the Court could treat the motions as unopposed. Toromanova later filed a notice attempting to
15 rescind her agreement to the Joint Status Report.
16       On November 15, 2012, Wells Fargo filed a Motion for Extension of Time to File
17 Stipulated Discovery Plan and Scheduling Order, as there were three dispositive motions and a
18 motion to remand pending at the time. The Court granted the motion and entered an order
19 staying discovery pending a decision on the outstanding motions. Incapable of accepting any of
20 this Court's decisions, Toromanova immediately filed an objection to the magistrate's order,
21 claiming the magistrate judge lacked authority to enter the order and again arguing that this
22 Court lacked jurisdiction over the case.
23       On January 7, 2013, the Court entered an order denying Toromanova's motion to remand
24 and an order granting the defendants' motions to dismiss, granting the motion to expunge lis
25 pendens, and enjoining Toromanova from filing further actions against Wells Fargo relating to
26 the Property or recording any documents against the Property without first obtaining leave of the
27 Court. Upon reviewing the orders, Wells Fargo observed that the Court inadvertently omitted
28 substantive findings about the frivolous or harassing nature of the plaintiff's litigation that could

subject the vexatious litigant order to challenge. Accordingly, Wells Fargo filed a motion to amend the order to bring the inadvertent omission to the Court's attention and modify the order pursuant to Fed. R. Civ. P. 60(a).

Predictably, Toromanova opposed Wells Fargo's motion to amend the order and filed the instant motion seeking relief under Fed. R. Civ. P. 60(b) to revive her claims (the "Motion"). However, Toromanova fails to establish any grounds for relief from this Court's orders and judgment, and the Court should deny the Motion.

## II. ARGUMENT

### A. The Court should deny Toromanova's request for relief from this Court's orders or judgment.

The Court may relieve a party from a final judgment or order, "on motion and just terms," for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, the order or judgment was based on an earlier judgment that has been reversed or vacated, or applying the order or judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.[1] "Rule 60 does *not* provide a vehicle for Plaintiff to re-litigate issues the court has already decided because he disagrees with the court's decision."[2]

Here, Toromanova asks the Court to relieve her of the order denying Toromanova's motion to remand (Doc. #34), the order granting defendants' motions to dismiss, motion to expunge lis pendens, and motion to declare plaintiff a vexatious litigant (Doc. #35), the clerk's judgment in favor of the defendants (Doc. #36), and the order expunging lis pendens (Doc. #38) because, in essence, she disagrees with the Court's decisions. In particular, Toromanova re-argues her motion to remand, maintaining that Labo is a necessary party to this action and, based upon Labo's status as a Nevada resident, the Court lacks subject-matter jurisdiction over the case. Apparently based on the Court's purported lack of subject-matter jurisdiction, Toromanova

---

[1] *See* Fed. R. Civ. P. 60(b)(1)-(6).

[2] *See Andersen v. Heizer*, 2012 WL 2921487, *4 (D. Nev. Jul. 16, 2012) (emphasis added).

3

claims "the judgment is void." Toromanova also argues that the judgment is void and that it is inequitable to apply the order(s) prospectively for a variety of other reasons. Specifically, Toromanova accuses the Court of failing to consider her pleadings, re-asserts that Nevada law requires Toromanova to include Labo as a defendant, maintains that she reserved her right to oppose the defendants' motions to dismiss pending a decision on her motion to remand, and claims that the Court was obligated, but failed, to address her objection to the magistrate judge's order regarding discovery. Notably absent from the Motion, however, is any indication that this Court's orders or the judgment were based on fraud or that the relief requested is otherwise warranted under existing law. Accordingly, the Court should deny the Motion.

### 1.   This Court properly denied Toromanova's motion to remand.

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."[3] Here, Toromanova failed to state a cause of action against Labo according to the settled rules of the state. Labo does not claim an interest in the Property, but rather Labo serves as Wells Fargo's real estate agent for the Property.[4] According to Toromanova, Labo's interest in a possible commission on the sale of the Property constitutes an "interest which would be affected by the declaration" Toromanova sought in her complaint pursuant to NRS 30.130, and, therefore, Labo was not fraudulently joined. However, as explained in Wells Fargo's Opposition to the Motion to Remand, Labo's interest in a sales commission does not translate to an ownership interest in the Property itself. Moreover, Labo's right to receive a sales commission does not arise until the Property is sold. Specifically, "in Nevada, before a real estate agent is entitled to a commission, the real estate agent must prove (1) that an employment

---

[3] *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (internal quotation marks omitted); *see also Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2009).

[4] *See generally* Def. Tiffany K. Labo's Mot. to Dismiss (Doc. #14).

contract existed and (2) that he or she is the procuring cause of the sale."[5]  Therefore, because the Property has not been sold and Labo does not claim an interest in the Property itself, Labo does not have a legally protectable interest that would be affected by a declaration concerning title to the Property.  Accordingly, the Court correctly concluded that Toromanova fraudulently joined Labo in the action, and the Court properly exercised diversity jurisdiction over the action.[6]

### 2. This Court properly granted the defendants' motions to dismiss, motion to expunge lis pendens, and motion for order declaring plaintiff a vexatious litigant.

As set forth more fully in the defendants' motions to dismiss, Toromanova failed to state a claim upon which relief could be granted.  *Res judicata* barred Toromanova's twice dismissed claims, and, even if *res judicata* did not bar her claims, Toromanova failed to state a cognizable claim for relief under state law.  In addition, Toromanova failed to file points and authorities in opposition to the defendants' motions to dismiss.  Accordingly, the Court properly dismissed Toromanova's claims.  Because Toromanova failed to state a claim upon which relief could be granted, the Court also properly expunged the *lis pendens*.[7]  Further, the Court rightly concluded that Toromanova is a vexatious litigant who should be enjoined from filing further actions concerning the Property and from recording further documents in the Property's chain of title, as Toromanova's persistent abuse of the judicial system to harass Wells Fargo is well-documented.[8]

Nevertheless, Toromanova argues that the Court should set aside its orders and the judgment because "the judgment is void" and/or "applying the Order prospectively is no longer equitable."[9]  First, Toromanova calls into question whether the Court "actually read anything

---

[5] *See Beinder v. Levy Realty Co.*, 106 Nev. 221, 224-25, 790 P.2d 497, 499 (1990) (quoting *Morrow v. Barger*, 103 Nev. 247, 250, 737 P.2d 1153, 1154 (1987); *Shell Oil Company v. Ed Hoppe Realty, Inc.*, 91 Nev. 576, 580, 540 P.2d 107, 109-110 (1975)) (internal quotation marks omitted).

[6] Toromanova also argues that the orders and judgment should be set aside on the basis of fraud, misrepresentation, or misconduct by an opposing party because "the opposing parties have misrepresented Defendant Labo's standing as being 'diverse.'" *See* Mot. at 2.  However, Toromanova fails to cite any document or brief in which any party represented that Labo was not a citizen of Nevada.

[7] *See, e.g., Rubio v. Mortg. Outlet*, 2011 WL 3475902, *3 (D. Nev. Aug. 9, 2011) (holding lis pendens must be expunged upon granting motion to dismiss).

[8] *See generally* Wells Fargo's Motion to Dismiss and to Expunge Lis Pendens and Motion for Order Declaring Plaintiff a Vexatious Litigant (Doc. #10, #11, and #12).

[9] *See* Mot. at 2.

5

[she] filed," claiming that the Court mischaracterized her complaint as one for wrongful foreclosure and stated that Toromanova sought a declaration that she owned the underlying property free and clear of any defendant's interest whereas Toromanova did not use the phrases "wrongful foreclosure" or "free and clear."[10]  However, the Court's statements are accurate.  In the Complaint, Toromanova expressly requested that the Court "[o]rder recovery of [Toromanova's] home and real property to [her] free of all defendants' adverse claims" and "[o]rder recovery of [Toromanova's] home and real property solely to [her]."  Further, it is clear from Toromanova's serial lawsuits that Toromanova's quest to reclaim title to the Property is, in fact, a matter of challenging the foreclosure whereby Wells Fargo took possession of the Property.  Toromanova then re-argues her motion to remand, claiming that the Court's orders and the judgment should not apply because the Court did not explain its decision to Toromanova's satisfaction.  However, as set forth above in Section II(A)(1), the Court correctly held that Toromanova fraudulently joined Labo in this action, and the Court's order denying the motion to remand is proper.

In addition to rearguing the merits, Toromanova also tries her hand at playing the innocent but ignorant *pro se* litigant, pleading with the Court to at least grant her an opportunity to file an extremely untimely opposition to the defendants' motions to dismiss.  It is important to remember, though, that this is not Toromanova's first time navigating the courts.  Now entering her third year of continuous litigation over the Property, Toromanova is well aware of the rules governing motion practice.  In fact, Toromanova filed the instant action in state court after requesting, and obtaining, an extension of time to respond to another motion to dismiss in the action that was already pending before this Court.[11]  Moreover, this Court issued two separate minute orders setting forth the time to respond to the defendants' motions to dismiss and the consequences of failing to file points and authorities in opposition.[12]  Nevertheless, Toromanova

---

[10]     *Id*. at 3-4.

[11]     *See* Pl.'s Request to Extend Time (Aug. 20, 2012), Case No. 2:12-cv-00328-GMN-(CWH) (Doc. #26); Order Granting Pl.'s Motion to Extend Time to file Response (Aug. 21, 2012), Case No. 2:12-cv-00328-GMN-(CWH) (Doc. #27); Complaint (Doc. #1-1) (filed in state court on Aug. 27, 2012).

[12]     *See* Minutes of the Court (Sep. 26, 2012) (Doc. #13); Minutes of the Court (Oct. 3, 2012) (Doc. #16).

1  chose not to respond to the defendants' motions and, without any authority for doing so,
2  purported to "reserve her right to respond" pending a decision on her motion to remand. The
3  Court should not reward Toromanova's choice to disregard the rules. Accordingly, there is no
4  basis for granting the relief Toromanova seeks and the Court should deny the Motion.

### 3. The Court's orders on Toromanova's motion to remand and the defendants' motions to dismiss rendered Toromanova's objection to the magistrate's order moot.

Because the Court determined that it has subject-matter jurisdiction over the action and that Toromanova failed to state a claim upon which relief could be granted, Toromanova's objection to the magistrate judge's order granting an extension of time to file a discovery plan became moot, as there is no discovery conducted when an action is dismissed. Furthermore, Toromanova based her objection to the magistrate judge's order largely on her erroneous assumption that the magistrate judge lacked authority to enter the order and on her theory that this Court lacked subject-matter jurisdiction over the case, which this Court rejected in its order denying Toromanova's motion to remand. Therefore, the Court's purported failure to review the magistrate judge's order concerning discovery does not provide grounds for granting relief from the Court's orders or judgment.

### III.  CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court deny the Motion.

DATED this 22nd day of February 2013.

DAVID J. MERRILL, P.C.

By: _____
DAVID J. MERRILL
MORGAN F. SHAH
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935
Attorneys for WELLS FARGO BANK, N.A.

7

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 22nd day of February 2013, service of the foregoing Opposition to Motion for Relief from Orders and Judgments was made to all counsel in the action through the Court's CM/ECF system. In addition, service was made by placing a copy in the United States Mail, postage prepaid and addressed to the following at their last known addresses:

>  Dimitritza Toromanova
>  Post Office Box 19153
>  Las Vegas, Nevada  89132

_/s/ Erin A. Winter_
An employee of David J. Merrill, P.C.

8