UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DIMITRITZA TOROMANOVA,           )
       Plaintiff,           )  2:12-cv-1637-LRH-CWH
v.           )
       )  ORDER
WELLS FARGO BANK, N.A.; et al.,           )
       Defendants.           )

Before the court is plaintiff Dimitritza Toromanova's ("Toromanova") motion for reconsideration of several court orders. Doc. #41.[1] Defendants Tiffany K. Labo ("Labo"); National Default Servicing Corporation ("NDSC"); and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively "defendants") filed separate oppositions (Doc. ##44, 45, 46) to which Toromanova replied (Doc. #49).

**I.    Facts and Background**

Plaintiff Toromanova filed a complaint in state court against defendants for wrongful foreclosure. *See* Doc. #1, Exhibit A. Defendants removed the action to federal court on the basis of diversity jurisdiction. Doc. #1. In response, defendants filed several motions to dismiss which were granted by the court. *See* Doc. #35. Thereafter, Toromanova filed the present motion for reconsideration. Doc. #41.

---

[1] Refers to the court's docket entry number.

**II.     Discussion**

Toromanova brings her motion for reconsideration pursuant to Fed. R. Civ. P. 60(b). A motion under Rule 60(b) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 60(b) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, fraud, or mistake. FED. R. CIV. P. 60(b); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The court has reviewed the documents and pleadings on file in this matter and finds that reconsideration of the court's prior orders is not warranted. In her motion, Toromanova simply states the court's orders were in error without identifying any legal or factual basis for this claim. Further, Toromanova has failed to show that her allegations relating to her wrongful foreclosure claims were not insufficient. As such, Toromanova has failed to identify any actual error in the court's prior orders. Accordingly, the court shall deny her motion for relief.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #41) is DENIED.

IT IS SO ORDERED.

DATED this 7th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE


**II.     Discussion**

Toromanova brings her motion for reconsideration pursuant to Fed. R. Civ. P. 60(b). A motion under Rule 60(b) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 60(b) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, fraud, or mistake. FED. R. CIV. P. 60(b); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The court has reviewed the documents and pleadings on file in this matter and finds that reconsideration of the court's prior orders is not warranted. In her motion, Toromanova simply states the court's orders were in error without identifying any legal or factual basis for this claim. Further, Toromanova has failed to show that her allegations relating to her wrongful foreclosure claims were not insufficient. As such, Toromanova has failed to identify any actual error in the court's prior orders. Accordingly, the court shall deny her motion for relief.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #41) is DENIED.

IT IS SO ORDERED.

DATED this 7th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE